Ruth E. HUBBARD, Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

No. 24853.

Kansas City Court of Appeals.

Missouri.

April 1, 1968.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 3, 1968.

Application to Transfer Denied
Sept. 9, 1968.

Charles W. Hess, Kansas City, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, of counsel, for appellant.

Gordon N. Myerson, Kansas City, Sprinkle, Carter, Sprinkle, Larson & Hanna, Kansas City, of counsel, for respondent.

HOWARD, Presiding Judge.

This is a suit by appellant against her insurance carrier, the respondent, under the collision coverage of an insurance policy issued by respondent. The suit prayed for judgment in the amount of $549.15 for property damage, plus interest, together with damages for vexatious refusal to pay and reasonable attorney's fees. We shall refer to the parties as they appeared below.

The defendant company filed what was denominated as a motion to dismiss. The trial court and the parties treated the defendant's motion to dismiss as being a motion for summary judgment and we shall accord it the same treatment. The trial court granted summary judgment in favor of defendant.

Plaintiff was involved in an automobile wreck with a car driven by one Byron F. Jordan on February 8, 1965. Plaintiff filed suit against Jordan seeking damages for personal injury in the amount of $35,-000.00 and a recovery for property damage to her automobile in the amount of $875.00. This suit was compromised for a gross amount of $7,500.00. In connection with this compromise plaintiff gave to Jordan (and presumably his insurance carrier) a release wherein it is recited that Ruth E. Hubbard does "hereby release, acquit and forever discharge Byron F. Jordan and all other persons, firms and corporations from and on account of any and all claims, demands and causes of action in any way growing out of an accident * * * more particularly described in the petition in a suit now pending * * *." Through her attorneys plaintiff also entered into a stipulation reciting that her suit against Jordan had been fully compromised and that the same "shall be forthwith dismissed with prejudice to plaintiff's further right of action and at the cost of the defendant." Pursuant to this stipulation the court entered its order that said cause "be and the same (is) hereby dismissed with prejudice." Prior to the institution of the suit against Jordan plaintiff made claim against her insurance carrier, the defendant herein, for property damage in the amount of $549.15 which is alleged to be the amount of damage to her car, less the $100.00 deductible provided in the policy. This claim was never paid and no reason for this nonpayment appears in the record. After her suit against Jordan was settled and that cause dismissed, plaintiff brought the present action against her insurance carrier, the defendant United States Fidelity and Guaranty Company.

Plaintiff contends that her settlement with Jordan was only for personal injury and the $100.00 deductible part of her property damage. She insists that she did not recover from Jordan for the balance of the property damage to her car and is therefore entitled to recover such balance from the defendant. She argues that the release should be limited to the $100.00 actually paid for property damage and

should be held not to affect her right to the remaining $549.15 of her property damage. To support this contention, plaintiff relies on the draft from the Maryland American General Group to her in the gross amount of $7,500.00 in settlement of her suit against Jordan. This draft indicates that $7,400.00 was paid for bodily injury and $100.00 for property damage. The loss covered is described as "partial" as to property damage, and as "other" concerning bodily injury. This is evidenced by x's placed in appropriate boxes on the face of the draft.

Defendant contends that, by the general release given to Jordan and by stipulating to the dismissal of her cause of action against Jordan with prejudice, the plaintiff has destroyed defendant's right of subrogation in violation of the provisions of the policy and, consequently, plaintiff cannot recover under the policy in the present suit.

The insurance policy is in evidence and the subrogation provisions thereof read as follows: "In the event of any payment under this policy, the Company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

The trial court granted summary judgment to defendant on the basis that by stipulating for the dismissal of the suit against Jordan with prejudice, plaintiff destroyed defendant's right of subrogation and consequently plaintiff's rights under the policy are barred as a matter of law. The trial court also held that by giving a complete release of all of her claims growing out of the accident, plaintiff destroyed defendant's right of subrogation and consequently she is barred from recovery under the policy as a matter of law. Judgment was entered for defendant for both of these reasons. After

motion to set aside the judgment or to amend the judgment or for new trial was duly overruled, plaintiff appealed to this court.

Plaintiff relies primarily on certain general language in the case of Home Insurance Company of New York v. Smith, 235 Mo.App. 552, 140 S.W.2d 64, wherein it was stated that if the insured settles with or releases the third party tort-feasor for only that part of his loss over and above the amount covered by his insurance, the insurer's rights of subrogation are not affected and he can still recover from his insurance carrier. The language relied on presupposes a partial release as contrasted to the full and complete release under consideration in the case at bar. Such a release of only a part of the plaintiff's cause of action would amount to a consent to the splitting of the cause of action and would not destroy the insurer's right of subrogation. However, in the next paragraph of the opinion by the St. Louis Court of Appeals in the above case, the court, referring to the factual situation in that case, said:

"* * * The trouble is, however, that while the consideration for the settlement was actually only the amount of the excess over and above that paid by plaintiff, the release was nevertheless made to cover all the damages sustained by defendant on account of the collision, so as to have barred and defeated any subsequent action or claim against the third party tort-feasor whereby plaintiff's right of subrogation might have been secured and rendered effectual. Moreover, whatever the actual fact may have been, there was no showing or contention made that the third party tort-feasor, in effecting his settlement with defendant, was aware of plaintiff's interest in or connection with the case, or that he accepted the release in full from defendant, knowing of plaintiff's right to be subrogated, to the extent of its payment to defendant, of the latter's rights against him."

Plaintiff then points to the case of General Exchange Insurance Corporation v. Young, 357 Mo. 1099, 212 S.W.2d 396, wherein the Supreme Court reached the same conclusion as the St. Louis Court of Appeals in its opinion in the same case as reported in 206 S.W.2d 683, and overruled so much of the opinion of the Kansas City Court of Appeals in the case of Subscribers at Casualty Reciprocal Exchange by Dodson v. Kansas City Public Service Company, 230 Mo.App. 468, 91 S.W.2d 227, as was in conflict with the opinion of the Supreme Court. In the Young case the court permitted recovery by the subrogated insurance company in the face of a general release given by the insured. However, the facts are strikingly different from the facts in the case at bar. In the Young case, the insurance company paid for the repairs of the insured's automobile less the $25.00 deductible. The insured then filed suit for personal injuries only, against the third party tort-feasor. The insurance carrier notified the third party tort-feasor and his insurance company of its vested subrogation rights prior to suit being filed by insured for personal injuries. The personal injury suit was settled and a full and complete release taken. The third party tort-feasor attempted to use this release as a defense against the claim of the subrogated carrier. The Supreme Court held that the subrogation rights of the insurance carrier had become vested when payments were made to the insured under the provisions of the policy; that the tort-feasor had notice thereof; that the insured had made a complete assignment of her claim for property damage, thereby wiping out her claim for the $25.00 deductible; that therefore the insured had no interest in the property damage claim which she could release and that the third party tort-feasor having knowledge of such situation could not defeat the subrogation claim by taking a release which he knew was beyond the power of the insured to give and which was broader than the claim being settled. The court concluded that these circumstances resulted in the creation of two causes of action arising out of the same occurrence and did not constitute an impermissible splitting of the single cause of action for personal injury and property damage.

■ It is readily apparent that the Young case, supra, does not rule the case at bar. In the present case, no payment has been made by defendant and no vested cause of action by subrogation has accrued; plaintiff sued Jordan for all of her property damage as well as personal injury and plaintiff completely released this cause of action in its entirety and dismissed the suit which covered both personal injury and property damage with prejudice. Further, there has been no contention in the court below or in the briefs filed with this court that the defendant insurance carrier gave any notice to Jordan before settlement was made or that Jordan had any knowledge of any subrogation rights, be they contingent or vested, claimed by defendant.

■ As to the complete release, this cause is governed by the above quoted decision in Home Insurance Company of New York v. Smith, 235 Mo.App. 552, 140 S.W.2d 64. The same result was reached in Richardson v. Employers Mutual Liability Insurance Company of Wisconsin, Mo.App., 269 S.W.2d 132. Also, by dismissing her cause of action against Jordan with prejudice plaintiff foreclosed all of her rights to recover against Jordan and likewise foreclosed any rights of defendant by subrogation to recover from Jordan. See Knight v. Calvert Fire Insurance Company, Mo.App., 268 S.W.2d 53.

Under the facts as developed in this case, it appears that plaintiff has twice foreclosed and destroyed defendant's right to subrogation; once by giving the third party tort-feasor a complete release of all claims and once by dismissing her lawsuit with prejudice when such suit encompassed all claims for personal injury and property damage. Having thus destroyed defendant's subrogation rights, plaintiff cannot

recover against defendant under its policy, as a matter of law, and the trial court was right in so holding. It therefore follows that the judgment of the trial court should be and is hereby affirmed.

CROSS and MORGAN, JJ., and HARRY A. HALL, Special Judge, concur.