Raymond L. BARTON and Phyllis L. Barton, Parents of John S. Barton, Deceased, Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent.

No. 25873.

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1972.

Sam Gladney, Robert S. McKenzie, McKenzie, Williams, Merrick, Beamer & Wells, Kansas City, for plaintiffs-appellants.

William J. Burrell, J. Nelson Happy, Dietrich, Davis, Burrell, Dicus & Rowlands, Kansas City, for defendant-respondent.

SWOFFORD, Judge.

This action arose out of a collision between an automobile owned and operated by one Nellie R. Wiard, an uninsured motorist, and a motorcycle owned and operated by John S. Barton, the minor son of the appellants, which collision resulted in the death of John S. Barton. John S. Barton at the time of his death was a resident of the appellants' household and he had not purchased any insurance on the motorcycle. The Bartons carried an "Automobile Policy" with the respondent company, which policy contained uninsured motorist coverage.

A suit was filed by appellants, seeking damages for the wrongful death of their son, John S. Barton, in two counts. In Count I, they claimed damages against Nellie R. Wiard, the tort feasor, and in

Count II, they claimed damages against their insurer, respondent herein, under the uninsured motorist provisions of their insurance policy in the amount of the limits thereof, namely, $10,000.00.

Count I of the petition was dismissed by the court below for want of prosecution, so that the action against the alleged uninsured tort feasor, Nellie R. Wiard, was thus terminated at trial level and no further action was taken as to the claim against her and she is therefore not directly involved in this appeal.

The insurer (respondent) filed its answer to Count II, wherein it asserted that its policy of insurance did not cover the son, John S. Barton, as an insured, and contained an endorsement that excluded uninsured motorist coverage as to the collision which resulted in his death.

Thereafter, the parties entered into a stipulation of facts (later amended by leave of court) which resulted in the following binding agreement as to facts:

### "STIPULATION OF FACTS

Come now plaintiff and defendant, American Family Mutual Insurance Company, and hereby stipulate and agree that the following facts are true:

1. That on September 22, 1969, there was in effect a policy of insurance, No. 24–216255, issued by American Family Mutual Insurance Company to Raymond L. Barton as named insured; *that a true copy of the documents delivered to Barton for a policy consisting of a Declarations page, Endorsement 45(d), Endorsement 55(a), and a printed booklet, attached together are attached hereto and marked 'Exhibit A'.*[1]

2. *That the policy of insurance was originally issued effective November 1, 1968 (to cover a 1964 Ford) and Endorsement 55(a) was stapled to said policy at said time.*[1]

3. That on September 22, 1969, Raymond L. Barton, the named insured, and Phyllis L. Barton resided at 6116 Hardy in Raytown, Missouri.

4. That John S. Barton was the son of Raymond L. Barton and Phyllis L. Barton and on September 22, 1969, resided at 6116 Hardy, Raytown, Missouri.

5. That on September 22, 1969, John S. Barton was the owner of a 1966 Suzuki motorcyle which was involved in a collision with an automobile operated by Nellie R. Wiard at 63rd and Sterling Avenue in Raytown, Jackson County, Missouri, which collision is the subject matter of this action.

6. That John S. Barton had not purchased insurance to cover said motorcycle."

The defendant, American Family Mutual, filed a motion for summary judgment upon the ground that the uninsured motorist endorsement contained a specific exclusion which withdrew coverage in the Wiard-Barton collision, because John S. Barton was operating a "motor vehicle" (motorcycle) within the exclusion, and since it was not an "insured automobile" within the policy coverage.

The court below sustained the motion and entered summary-judgment for the defendant upon the basis that the exclusionary clause applied and that no uninsured motorist coverage was afforded plaintiffs under the provisions of the policy. The court below designated his order as a final appealable judgment. In due course, this appeal followed.

The substance of the points which appellants raise, as grounds for reversal of the summary judgment, are: the court erred in ruling for the defendant upon the exclusionary endorsement since the endorsement was never effectively made a part of the insurance contract; that, therefore, the provisions in the policy proper (printed

---

1. As amended by leave of court, (italicized above).

booklet) covering exclusions would be the only applicable policy provision and, finally, that the terms of the policy considered with the terms of the uninsured motorist endorsement are so contrary and ambiguous that they must be construed in favor of the insured.

The main thrust of appellants' first contention, that the so-called endorsement was never effectively made a part of the policy of insurance, appears to be that the box on the declaration page of the policy, Item 3, Coverages, and headed "Endorsements", does not contain a numeral indicating coverage. Before considering the applicable policy provisions in this matter, we must first resolve this contention.

The declaration page of the policy contains a box in "Item 3, Coverages", headed "Uninsured Motorist—Bodily Injury Only" wherein appears the numeral "1" which indicates that type of coverage is afforded according to these designations appearing immediately below:

| "Cov. | Cov. | Each | Each |
|---|---|---|---|
| 1,1A | 1A, 1B | Person | Accident * |
| 1 | | $10,000 | See policy |
| * or Occurrence | | | " |

Appellants apparently take the position that by reason of these designations, reference is made to the printed booklet as related to uninsured motorist coverage to the exclusion of the provisions of Endorsement 55(a).

In our view, this position is untenable for three reasons. *First,* the indication of coverages "1, 1A" and "1A, 1B" in the declaration page as to uninsured motorist coverage has no relation or reference to any of the provisions on uninsured motorists in the printed booklet labeled "Automobile Policy". On the other hand, such indicated coverage designations are specifically so labeled "1, 1A" and "1A, 1B" in Endorsement 55(a).

*Second,* it appears obvious that the part of Item 3 of the Declaration page headed "Endorsements—as per endorsements" which carries no indication but is blank in the policy before us, must apply to endorsements other than those covering uninsured motorists. There is a separate column to cover this type of insurance referring directly to the provisions of Endorsement 55 (a) as above demonstrated.

*Third,* it is a stipulated fact that all of the insurance documents including the declarations, endorsements and printed booklet were delivered to Barton, the insured, together "for a policy" and that this policy was effective November 1, 1968, and "Endorsement 55(a) was stapled to said policy at said time" (Stipulation of Facts, as amended, No. 1 and No. 2).

■ It is now well settled law in Missouri and elsewhere, that when endorsements, riders, slips or rubber stamps, or other documents affecting the terms of the printed policy of insurance are attached thereto at the time of its issuance by the authority of the insurer in accordance with the agreement with the insured, it becomes and is a part of the policy of insurance, without more. Delivery of such policy with the endorsement attached is communication of and adequate notice to the policyholder of its provisions. Givens v. Aetna Life Insurance Company, Mo.App., 59 S.W. 2d 761, 763–764; Empire Fire and Marine Insurance Co. v. Brake, Mo.App., 472 S.W. 2d 18, 23; Adams v. Manchester Insurance & Indemnity Co., Mo.App., 385 S.W.2d 359, 366; Marshall's U. S. Auto Supply v. Maryland Casualty Co., 354 Mo. 455, 189 S.W.2d 529, 532; Couch on Insurance, 2d, Vol. 2, Sec. 4:24, p. 180, and Sec. 4:25, p. 182.

■ We, therefore, conclude and so rule that Endorsement 55(a) became and was an effective part of the policy of insurance from the date of its issuance and delivery to the insured, Raymond L. Barton, and that the terms and provisions of the endorsement superseded any provisions of the booklet-policy relating to uninsured motorist coverage.

■ It is equally well settled law in Missouri that even if the language of an endorsement (here, the exclusionary provisions) could be said to be in conflict with the printed or general provisions of the booklet policy, the language of the endorsement will prevail. Stated differently, if the general or printed provisions of the policy are clearly limited by an effective endorsement, the limitation will be enforced and no ambiguity, as such term is recognized in contract law, is thereby created. Empire Fire and Marine Insurance Co. v. Brake, Mo.App., supra; Givens v. Aetna Life Ins. Co., Mo.App., supra; Barnett v. Prudential Insurance Co. of America, 239 Mo.App., 670, 194 S.W.2d 317, 319; Cain v. Robinson Lumber Company, 365 Mo. 1238 en Banc, 295 S.W.2d 388, 390; Adams v. Manchester Insurance & Indemnity Company, Mo.App., 385 S.W.2d 359.

The endorsement here involved by its terms recognizes these principles and writes them into the contract.

Its heading is as follows:

"EXTENDED PROTECTION AGAINST UNINSURED MOTORIST — ENDORSEMENT — AUTOMOBILE BODILY INJURY LIABILITY

Keep with your policy. This endorsement forms a part of policy to which it is attached and *supersedes and replaces* any Family Protection Against Uninsured Motorist or Extended Protection Against Uninsured Motorist previously *issued or included as a part of this policy*." (Emphasis added)

Under "Conditions", the endorsement provides:

"1. Policy Provisions. *None of the* Insuring Agreements, *Exclusions* or Conditions *of the policy shall apply* to the insurance afforded by this endorsement *except* the Conditions * * *" (Here are listed ten items, none of which have any bear-ing on this case.) (Emphasis supplied)

Appellants urge in the face of these policy provisions and well-defined law, that we adopt and apply to this matter the exclusionary provision of the *printed booklet,* which reads:

"EXCLUSIONS.

This policy does not apply:

* * * * * *

Under Uninsured Motorists Coverage.

* * * * * *

V. to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a resident of his household, or through being struck by such an automobile;

* * * * * *

This, we cannot do, for the reason that *Endorsement 55(a)* provides:

"EXCLUSIONS

This endorsement does not apply:

(a) to bodily injury to an insured while occupying a motor vehicle (other than an 'insured automobile' as defined above) owned by the named insured or a resident of his household, or through being struck by such a motor vehicle;

* * * * * *"

■ We must exclude from the protection of the uninsured motorist endorsement "motor vehicles" other than an insured automobile occupied by the decedent, as opposed to the booklet exclusion of "automobiles" other than an insured automobile, occupied by the decedent. This printed booklet defines "automobile" as:

" 'automobile' means a four-wheel land motor vehicle designed for use principally upon public roads * * *"

Obviously, the decedent was occupying (operating) an excluded "motor vehicle" other than the "insured automobile" when he was in collision with the uninsured vehicle operated by Nellie R. Wiard and therefore was within the exclusion of Endorsement 55(a) above quoted.

We have carefully reviewed the authorities cited in appellants' brief and they do not persuade us toward any conclusion other than the one herein reached.

For the reasons herein stated, the judgment below is affirmed.

All concur.