Evelyn Louise CRAIN, et al.,
Respondents,

v.

MISSOURI PACIFIC RAILROAD,
Respondent,

v.

Kathleen M. McCARTHY,
Intervenor-Appellant.

No. WD 32934.

Missouri Court of Appeals,
Western District.

Sept. 28, 1982.

**534**

Katheryn J. Shields, Philip F. Cardarella, Kansas City, for intervenor-appellant.

James W. Henry, Kansas City, for respondents.

Before KENNEDY, P.J., and WASSERSTROM and MANFORD, JJ.

KENNEDY, Presiding Judge.

This is a dispute between former law partners over the division of a legal fee. The trial court upon motion of respondents Martin and Henry granted summary judgment that appellant McCarthy was entitled to $757.17 of a $30,286.75 legal fee, and respondents Martin and Henry to the balance.

The partners in the now dissolved partnership were Kathleen M. McCarthy, the appellant here, and David Martin, one of the respondents. When their partnership was dissolved April 30, 1979, after a brief existence of about one year, they were representing (among a good many other clients with other kinds of business) several individuals, including Victoria L. Shelton and Louise Crain, in personal injury and damage claims against Missouri Pacific Railroad Company, growing out of an automobile-train collision. Respondent Martin continued, along with a new partner, Mr. Henry, to represent them after the dissolution of his partnership with McCarthy. They filed a petition on behalf of the claimants against the railroad, and on March 16, 1981, the trial court approved a settlement of the case. Under the settlement agreement, plaintiffs' attorneys were to receive fees totaling $30,286.75.

Before the settlement, McCarthy had filed an attorney's lien, claiming one-half of any attorney's fee in the case. In order to allow both the plaintiffs and the Missouri Pacific Railroad to be disengaged from the case, it was agreed among all the parties that the total attorney's fee of $30,286.75 should be paid into the circuit court administrator's office, to abide the resolution of the dispute between appellant McCarthy and respondents Martin and Henry over its proper division. On the same day as the approval of the settlement, the trial court, since McCarthy claimed only one-half the attorney's fee, granted a motion filed by Martin for an immediate payout to Martin of the other half. This payout was made, leaving $15,943.38 in the court registry. This fund constitutes the res of the lawsuit before us.

Three days later Martin filed a motion asking payout to him of all the fund except $757.17. In the motion he stated that fees earned by the partnership at the time of the dissolution, but not yet received, were to be split evenly. He went ahead to allege in his motion that one-tenth of the time spent on the Missouri Pacific cases had been spent

before the dissolution of the partnership with McCarthy, and nine-tenths had been spent after the dissolution. According to the motion, therefore, McCarthy was to share in only one-tenth of the fee. One-half of one-tenth would be $757.17, to which, according to Martin's motion, McCarthy was entitled. He attached to his motion a letter to him, purportedly from McCarthy, which he interpreted as agreeing to the division requested in his motion. We do not extract the same interpretation from a reading of the letter.

In response to Martin's motion, McCarthy filed a pleading entitled, "Petition to Inter-plead",[1] in which she asserted her claim that she was entitled to a full one-half of the total fee, which position if established would entitle her to all the remaining fund. She alleged that her dissolution contract with Martin provided for such a division. The trial court then made an order stating that the court "grants to Interpleader Kathleen M. McCarthy her Petition to Interplead and that David Martin and James W. Henry are hereby ordered by the Court to interplead so that it may be ascertained and determined in what manner the fund held by the Court Administrator shall be dispursed (sic)."

### 1. *Application for Change of Judge.*

McCarthy at this point filed an application for change of judge, pursuant to Supreme Court Rule 51.05(a). The trial court overruled the same, explaining that the attorney fee litigation was an ancillary proceeding, a part of the principal case of Crain and Shelton and others against the Missouri Pacific Railroad, and not an independent action.

It is this order of the trial judge overruling her application for a change of judge which is the object of McCarthy's first point on appeal. It is a point which must be sustained, since the trial judge should have granted her application for change of judge. This erroneous ruling requires a reversal of the judgment in the case and a remand of the same for further proceedings.

■ Rule 51.05(a) provides that "(a) change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party...." The rule is to be liberally construed in favor of the right to disqualify. *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399, 401 (Mo.App.1980).

■ The case pending before the trial judge at the time McCarthy filed her application for disqualification was a "civil action" within the meaning of Rule 51.05(a). *State ex rel. B___ C___ C___ v. Conley,* 568 S.W.2d 605, 608 (Mo.App.1978). It is true that the pleadings and papers filed in the McCarthy-Martin controversy continued to carry the same caption and case numbers as the original cases of *Shelton, et al., v. Missouri Pacific Railroad Company,* and *Crain, et al., v. Missouri Pacific Railroad Company,* and continued to be filed in the same file folder. Still it was an independent action as between McCarthy on the one side, and Martin and Henry on the other. They were different parties than those in the original action. The plaintiffs and defendant in the original cases had no further interest in the matter.

In short, Martin's motion for the payout of the attorney's fee according to his calculations, and McCarthy's "petition to Interplead" raised new issues, sought different relief, and contemplated an adjudication of substantial rights between the parties. The McCarthy-Martin controversy was thus an independent civil action, in which either of them was entitled as a matter of right upon written application to a change of judge. *State ex rel. Interstate Motor Freight System, Inc. v. Hall,* 409 S.W.2d 678, 680–681 (Mo. banc 1966); *In re Boeving's Estate,*

---

1. The correct designation of parties and pleadings gave the parties no end of trouble. We do not require exactitude in nomenclature, though, as we look to substance rather than to title. *State ex rel. Goldberg v. Darnold,* 604 S.W.2d 826, 831[7] (Mo.App.1980); *Carter v. Guffey,*

548 S.W.2d 233, 235[3] (Mo.App.1977). Even so, a fair number of lawyers will designate pleadings and parties by their correct titles, and their precision will be greeted with satisfaction.

388 S.W.2d 40, 50 (Mo.App.1965); *State ex rel. Brault v. Kyser,* 562 S.W.2d 172, 174 (Mo.App.1978).

The foregoing is dispositive of the case, but we will rule also upon McCarthy's second point for the guidance of the court and counsel upon remand.

### 2. *Summary Judgment.*

Appellant's second point is that the court erred in granting summary judgment in favor of attorneys Martin and Henry. Her position must be sustained upon this point also.

McCarthy's "Petition to Interplead" alleged: That during the period of time she was in partnership with Martin, several persons, namely the plaintiffs in the Missouri Pacific case, had contracted with the partnership to represent them in their claim against Missouri Pacific; that the partnership was dissolved, "and at such time Martin & McCarthy entered into a contract between themselves to divide their legal practice and to divide equally the attorney's fees from all cases undertaken during the term of said partnership"; that in compliance with that agreement she, since the dissolution of the partnership, had paid to Martin one-half of all fees received by her from cases undertaken during the term of the partnership; that Martin had breached the dissolution contract by refusing to pay to her one-half of the Missouri Pacific fee; and that she was entitled to $15,143.37 from that fee. The prayer of the petition asks the court to grant her petition to interplead, "to Order said David Martin and James W. Henry to interplead as third-party Plaintiffs or Defendants in order that the Court may determine and adjudge each and all of the several interests claimed..." She further requested that the sum of $15,143.37 be paid to her from the fund deposited with the court. Attached to the petition as an exhibit was a list entitled, "Martin &

McCarthy Active Files", on which is typed, and in some instances written in by hand, the names of clients of the firm. At the bottom of the second page is written the words "split all". The paper is unsigned, and contains a number of handwritten notations which are meaningless to the court.

Pursuant to this pleading the court entered an order which concluded: "It is therefore ordered, adjudged and decreed that the Court grants to Interpleader Kathleen M. McCarthy her Petition to Interplead and that David Martin and James W. Henry are hereby ordered by the Court to interplead so that it may be ascertained and determined in what manner the funds held by the Court Administrator should be dispursed (sic)".

Martin and Henry then filed their "Motion to Dismiss Petition to Interplead for Failure to State a Cause of Action and for Summary Judgment". The motion states: "This motion is based upon the pleadings filed by attorney McCarthy." The motion requested that the court order the court administrator to pay out to attorneys Martin and Henry all attorney's fees. It was accompanied by suggestions in support thereof, but was otherwise unsupported by depositions, admissions on file or affidavits. The nub of Martin's and Henry's suggestions in support of their motion may be found in the following sentences: "It is submitted that as Exhibit A (the list entitled "Martin & McCarthy Active Files", which had been attached to McCarthy's petition) can in no way be construed to be a written contract, and as no oral agreement or contract is even alleged, Ms. McCarthy's claim that any agreement was ever made between attorneys Martin and McCarthy is totally unsubstantiated. Without such an agreement, either oral or written, this matter can be decided as a matter of law, since no material issues of fact exist." [2]

McCarthy filed suggestions in opposition to the motion for summary judgment.

A motion to dismiss for failure of a petition to state a claim upon which relief can be granted is based upon the allegations of the petition itself. A motion for summary judgment is based upon an examination of matters dehors the pleadings which conclusively settle materi-

---

**2.** From its substance, movants' motion appears to be more of a motion to dismiss for failure to state a claim upon which relief could be granted, than a motion for summary judgment. For the distinction between the two, see *Helbig v. Murray,* 558 S.W.2d 772, 774 (Mo.App.1977).

In due time, without further hearing, the trial court sustained the motion for summary judgment. In his memorandum accompanying the ruling he states: "More importantly McCarthy and her counsel have failed and refused to comply with Rule 74.-04(e). They have left unchallenged in any effective way the allegations of Martin & Henry." The order required the payment of $757.17 to McCarthy as her share and the balance of $14,386.21 to Martin and Henry.

In her attack upon the summary judgment, McCarthy excuses her failure to contradict the allegations of the motion for summary judgment by affidavits and seeks to avoid the effect of such cases as *Snowden v. Northwest Missouri State University,* 624 S.W.2d 161, 169 (Mo.App.1981), and *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 28[9] (Mo.App.1978), by pointing out that the requirement that she contradict the factual allegations of a motion for summary judgment only when the motion for summary judgment is "made *and supported*" as provided by Supreme Court Rule 74.04(e). She argues that Martin's and Henry's motion for summary judgment was not supported by affidavits or other supporting documents, thus she was not called upon to respond with such materials.

We may bypass that argument, however, to get to another point.

■ Regardless whether the absence of affidavits, depositions and admissions on file from Martin's and Henry's motion for summary judgment excused McCarthy from supporting her response by similar documents, it was still incumbent upon Martin and Henry to show that there is "no genuine issue as to any material fact and that (they were) entitled to a judgment as a matter of law." Rule 74.04(c). To be entitled to summary judgment, they must show themselves entitled thereto as a matter of law by unassailable proof. Rule 74.04(h); *Groppel Co., Inc. v. United States Gypsum*

*Co.,* 616 S.W.2d 49, 54 (Mo.App.1981). A genuine issue of fact will be found to exist whenever there is the slightest doubt as to the facts, "so long as the fact in doubt is a material one which has 'legal probative force as to a controlling issue.'" *Peer v. MFA Milling Co.,* 578 S.W.2d 291, 292 (Mo. App.1979) (quoting *Seliga Shoe Stores, Inc. v. City of Maplewood,* 558 S.W.2d 328, 331 (Mo.App.1977)). The "genuine issue of material fact" which remained in the case at the time the trial judge granted summary judgment was the terms of the contract between Martin and McCarthy at the time they dissolved their partnership. There is nothing in the record in this case, even if the factual allegations in respondents' motion for summary judgment are taken as true, which at all settles that issue in anything approaching a conclusive way. The motion for summary judgment was improvidently granted in the present state of the record.

The judgment is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.

All concur.

---

al fact issues. We have treated movants' motion as the parties and the trial court did, as a motion for summary judgment. In either case the result would be the same. On the point of necessity of notice that motion to dismiss

would be treated as motion for summary judgment, see *Gramlich v. Travelers Insurance Co.,* 640 S.W.2d 180 at 183 (Mo.App.1982).