Nancy SHEPHERD, Appellant,

v.

AMERICAN STATES INSURANCE
COMPANY, Respondent.

No. 65673.

Supreme Court of Missouri,
En Banc.

June 19, 1984.

L. Glen Zahnd, Clifford P. Black, Jr.,
Savannah, for appellant.

Jack T. Bangert, Joseph A. Sherman,
Kansas City, for respondent.

BILLINGS, Judge.

The trial court granted defendant American States' motion for summary judgment and denied coverage under the uninsured

motorist provision of plaintiff's policy. The Missouri Court of Appeals, Western District, reversed and remanded the case to the circuit court with directions to sustain plaintiff's motion for summary judgment and to enter judgment in the amount of $20,000 with interest from the date of judgment. We ordered the case transferred because of the general interest and importance of the questions presented. We reverse and remand for further proceedings.

Plaintiff's husband was killed in a two-car collision while operating a dump truck owned by him and plaintiff and insured by Auto-Owners Mutual Insurance Company. The other vehicle was uninsured. Auto-Owners paid plaintiff the uninsured motorist coverage of its policy for the death of her husband. Plaintiff and decedent had a policy of insurance with defendant American States insuring two passenger vehicles. Both plaintiff and her husband were named insureds on this policy. The policy provided uninsured motorist coverage to the named insureds in the amount of $10,000 per person and $20,000 per accident. This policy included the following exclusion:

A. We do *not* provide Uninsured Motorist Coverage for bodily injury sustained by any person:

1. While *occupying,* or when struck by, any motor vehicle or trailer of any type *owned by you,* any family member or any other person named on endorsement 9–27 attached, *which is not insured for this coverage under this policy.* (emphasis added).

Separate premiums were charged for both of the automobiles.

Plaintiff brought suit against defendant American States asserting that under its policy she was entitled to recover the uninsured motorist coverage. American States pleaded the exclusion, and on cross motions for summary judgment, American States prevailed. Plaintiff appealed and the court of appeals reversed and ordered entry of summary judgment on behalf of plaintiff on the issues of *coverage, liability* and *damages.*

The issue is the validity of the "owned vehicle exclusion" of uninsured motorist coverage in defendant's policy. Plaintiff argues that under § 379.203, RSMo 1978, the uninsured motorist coverage must extend to her and her husband despite the exclusion. Defendant contends that the exclusion is valid and there is no uninsured motorist coverage under its policy.

Missouri's uninsured motorist statute, § 379.203, RSMo 1978, provides in pertinent part:

1. No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section 303.-030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

The statute mandates that no automobile liability insurance shall be delivered or issued in this state unless uninsured motorist coverage is provided for not less than the limits set forth in the motor vehicle responsibility law. The statute contains no allowance for limitation or restriction on the insurer's liability.

In *Cameron Mut. Ins. Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976), we held that § 379.203 mandated uninsured motorist coverage and that the parties were not free to enter into a contract which had the effect of diminishing the coverage the statute required. In *Cameron,* two cars were insured on a single policy with uninsured motorist coverage listed for each automobile and a separate premium paid for each. The policy also contained a separability clause which provided that the terms of the policy were to apply separately to each automobile if two or more automobiles

were insured under the same policy. The named insured's wife was killed while driving one of the insured cars when she was struck by an uninsured motorist. In *Cameron* the court rejected the insurer's contention that the separability clause restricted uninsured motorist coverage to only the policy covering the vehicle involved in the accident. The court accepted the premise of *Galloway v. Farmers Ins. Co.*, 523 S.W.2d 339 (Mo.App.1975), that "public policy as declared in § 379.203 mandates that when an insured has two separate policies containing uninsured motorist clauses, effect shall be given to both coverages without reduction or limitation by policy provisions, and that both coverages are available to those insured thereby." 533 S.W.2d at 542. The court next stated that it made no difference under the statute that the insurance company elected to consolidate in a single combination policy coverages of two or more automobiles. *Id.* The court in *Cameron* concluded:

> We hold that the public policy expressed in § 379.203 prohibits the insurer from limiting an insured to only one of the uninsured motorist coverages provided by a policy and that in this case both of such coverages, written on the two automobiles, are available to [insured], provided, of course, that insured is limited to recovery of damages suffered.

*Id.* at 544–45.

In *Hines v. Government Employees Ins. Co.*, 656 S.W.2d 262 (Mo. banc 1983), we reaffirmed that our holding in *Cameron Mutual* recognized § 379.203 as a limitation on the freedom of contract between an insurance company and its customers. *Id.* at 265. In *Hines* we further noted that "the *coverage for the named insured is not dependent on presence in an insured vehicle at the time of an accident involving an uninsured motorist,* but is also applicable if the named insured is a pedestrian, or is riding someone else's automobile." *Id.* (emphasis added) In *Hines* and its companion case, *Cano v. Travelers Ins. Co.*, 656 S.W.2d 266 (Mo. banc 1983), we held that our decision in *Cameron Mutual* should not be extended to prevent an insur-

ance company and the owner of an automobile "from entering into a contract with confines the uninsured motorist coverage available to an *occupancy* insured to that covering the vehicle in which he or she is riding at the time of the accident." *Hines,* 656 S.W.2d at 265. The distinction between the two situations is based upon the fact that the law does not require that policies provide any uninsured motorist coverage for occupants but § 379.203 does so mandate with respect to named insureds.

The instant case involves *named insureds.* The attempted limitation upon the uninsured motorist coverage by the owned vehicle exclusion in defendant's policy is clearly contrary to the principles announced in *Cameron Mutual, Cano* and *Hines.* However, defendant contends that the holding in *Cameron Mutual* is not controlling in the present case based upon the following language from *Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137 (Mo. banc 1980):

> While this court has been liberal in applying the uninsured motorist statute to invalidate attempts by insurers to reduce benefits under applicable coverage, *we have not been willing to use the statute to create coverage.* Thus we have invalidated clauses that would have prevented 'stacking' of coverage under uninsured motorist provisions, *Cameron Mut. Ins. Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976), .... But Missouri courts have *declined to create uninsured motorist coverage where no coverage was applicable: ...* or where provisions in the endorsement of a policy *excluded from uninsured motorist coverage bodily injury to an insured while riding a motorcycle owned by the insured* or a resident of his household, *Barton v. American Family Mut. Ins. Co.*, 485 S.W.2d 628 (Mo.App.1972).

*Harrison,* 607 S.W.2d at 147–48 (emphasis added). Defendant argues that the specific exclusion here in question was the exclusion in *Barton* and that we expressly ap-

proved the exclusion in *Harrison* by the cited passage.

We are not persuaded by defendant's argument. First, *Barton* did not consider the validity of the exclusion, only the question of its ambiguity. *Barton*, 485 S.W.2d at 630–31. *See also Otto v. Farmers Ins. Co.*, 558 S.W.2d 713, 717 (Mo.App.1977) (*Barton* did not address the issue of the validity of the exclusion in light of the public policy inherent in § 379.203). Second, *Harrison* dealt only with the issue of the household exclusion and whether the application of that exclusion rendered the owner an uninsured motorist or the vehicle an uninsured vehicle. *Harrison, supra,* 607 S.W.2d at 139–40. Thus, the quoted passage in *Harrison* from *Barton* was merely dicta. Furthermore, to the extent that *Barton* is considered authority for the proposition that the exclusion in the present case denying uninsured motorist coverage is valid in light of § 379.203, *Barton* is overruled. Defendant American States also reads *Famuliner v. Farmers Ins. Co.*, 619 S.W.2d 894 (Mo.App.1981), as supporting its position. We disagree. *Famuliner* held that where an individual lacked status as an insured, named or otherwise, under the primary coverage of the policy, there was no uninsured motorist coverage for that individual. *Id.* at 897.

◼ We conclude that the exclusion in defendant's policy is contrary to the public policy of § 379.203 and invalid. The uninsured motorist coverage in the American States policy is available to plaintiff and she is entitled to "stack" the uninsured motorist coverage provided by American States with the coverage provided for the dump truck by the other insurer. *See Cameron Mut. Ins. Co. v. Madden*, 533 S.W.2d 538 (Mo. banc 1976); *Galloway v. Farmers Ins. Co.*, 523 S.W.2d 339 (Mo.App. 1975); *Steinhaeufel v. Reliance Ins. Co.*, 495 S.W.2d 463 (Mo.App.1973). Thus, $30,-000 coverage is available to plaintiff: $20,-

000 from American States, and $10,000 from the other insurer.

◼ Defendant next contends that the court of appeals erred in deciding the issues of liability and damages in addition to its determination that coverage was present. We agree. To recover under an uninsured motorist policy, the insured has the burden of proving (1) that the other motorist was uninsured, (2) that the other motorist is legally liable to the insured, and (3) the amount of damages. *Oates v. Safeco Ins. Co.*, 583 S.W.2d 713, 715 (Mo. banc 1979). To be entitled to summary judgment, movant must show that there is "no genuine issue as to any material fact that (they are) entitled to a judgment as a matter of law." Rule 74.04(c). Summary judgment is not appropriate on any issue "unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Rule 74.04(h). A genuine issue of fact exists whenever there is the slightest doubt as to the facts, so long as the fact in doubt is a material one which has legal probative force as to a controlling issue. *Crain v. Missouri Pacific R.R.*, 640 S.W.2d 533, 537 (Mo.App.1982) (quotation omitted). *See also Peer v. MFA Milling Co.*, 578 S.W.2d 291, 292 (Mo.App.1979).

◼ Here, the trial court granted defendant's motion for summary judgment, and denied plaintiff's motion for summary judgment, on the basis of the following documents: the petition, answer, plaintiff's answers to defendant's interrogatories, the parties stipulation of facts, and the motions together with accompanying suggestions. Defendant's answer denied every allegation by plaintiff except its status as a foreign insurance corporation authorized to do business in Missouri and its having issued the specified policy to plaintiff and her husband. The stipulation of facts contain no allegations concerning the cause of the collision in which plaintiff's spouse died [1], or the damages sustained by plaintiff other than her husband's death. Thus, it is clear

---

**1.** The stipulation does state that the other vehicle in the accident was an uninsured motor vehicle.

that defendant disputed plaintiff's allegations concerning liability and damages. The trial court determined that coverage was not available and did not reach the issues of liability and damages. There is nothing in the record which settles the issues of liability or damages. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion.

RENDLEN, C.J., and HIGGINS, GUNN, BLACKMAR and DONNELLY, JJ., concur;

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent. I do not agree with the interpretation accorded our prior opinions by the principal opinion, nor do I think it advisable that they be overruled.