**Mildred DICKHANS, Plaintiff-Appellant,**

**v.**

**MISSOURI PROPERTY INSURANCE PLACEMENT FACILITY,**
**Defendant-Respondent.**

**No. 49979.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 14, 1986.

Motion for Rehearing and/or Transfer
Denied Feb. 11, 1986.

Application to Transfer Denied
March 25, 1986.

Coggan R. Mills, Clayton, for plaintiff-appellant.

Gary E. Snodgrass, Terese A. Drew, Brown, James & Rabbitt, P.C., St. Louis, for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

Plaintiff is the owner of residential property insured under a standard policy of casualty insurance issued by defendant up to a limit of $8,500.00. On February 26, 1982, during the policy period, an automobile operated by Elvain Sanford collided with the residence causing damages alleged by plaintiff to be in the amount of $18,500.00. Plaintiff promptly reported the incident, which is within the coverage of the policy, to defendant. Sanford's vehicle was covered by a policy of liability insurance issued to him by the Integrity Insurance Company with a property damage limit of $10,000.00. Negotiations between plaintiff's attorney and representatives of the two insurance companies ensued. On April 3, 1982, defendant's adjuster wrote a letter to a representative of Integrity Insurance Company enclosing two damage estimates, one in the amount of $18,600.00, the other $17,400.00. The letter also expressly notified Integrity that, if called upon to pay its insured under its policy, defendant would pursue its subrogation rights. On May 7, 1982, defendant's adjuster sent plaintiff's attorney a proof of loss, showing the damage to be in excess of the $8,500.00 policy limit, and a subrogation agreement with a request that these documents be signed by plaintiff and returned. Before complying with this request, and on June 18, 1982, plaintiff executed a release of all claims against Sanford and Integrity for a consideration of $9,750.00.[1] Inserted in the form release was the following typewritten sentence: "The rights of the Missouri Property Insurance Placement Facility are *accepted* hereunder." (emphasis added). The release was mailed to Integrity's representative with a cover letter from plaintiff's attorney stating "[t]he release is understood to release all claims by Mildred Dickhans *excepting* the claims if any of the Missouri Property Insurance Placement Facility who have to date not made settlement with their assured. As we understand the law, they have a right to pursue their rights, if any, in their own name. We, of course, have no control over their action." (emphasis added). Upon receipt of this letter and the release, Integrity sent its draft in the amount of $9,750.00 to plaintiff's attorneys.

On August 17, 1982, plaintiff executed the proof of loss and a subrogation agreement sent to her attorneys on May 7, by defendant's adjusters, and made demand upon defendant for payment of the $8,500.00 policy limit. Upon defendant's refusal to pay, this action was commenced. Defendant moved for summary judgment on the grounds that plaintiff had violated policy conditions by reason of the settlement with Integrity which, it is alleged,

---

1. Integrity had previously paid $250.00 for damages to a stop sign and a parked automobile resulting from the same incident, thereby exhausting the limits of its policy.

effectively destroyed defendant's subrogation rights, and by failing to submit a sworn proof of loss within 60 days after request as required by a condition of the policy. This motion was sustained by the trial court. Plaintiff appeals. We reverse and remand.

Our standard of review is well established. Appellate review of a summary judgment is equivalent to that of a court-tried case, *McCready v. Southard*, 671 S.W.2d 385, 387 (Mo.App.1984), and therefore the principle of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), requiring affirmance unless the judgment of the trial court erroneously declares or applies the law is invoked. To be entitled to summary judgment the movant must show himself entitled thereto as a matter of law by unassailable proof. *Crain v. Missouri Pacific Railroad Co.*, 640 S.W.2d 533, 537 (Mo.App.1982). The record in the instant case shows the sole argument presented to the trial court and the basis for its sustaining of the motion was defendant's contention that it had been deprived of its subrogation right to recoup from the tortfeasor whatever sum it might pay to its insured. In accepting this argument, the trial court erroneously applied the law to the undisputed facts.

■ As a general rule when an insured, without the insurer's knowledge or consent, settles with and fully releases the tortfeasor so as to foreclose the insurer's right of subrogation, the insured violates his agreement with the insurer thereby precluding his right of recovery under the policy. *Hubbard v. U.S. Fidelity and Guaranty Co.*, 430 S.W.2d 607, 609–10 (Mo.App.1968). However, this rule has no application where the third party tortfeasor is aware of the interest of the insurer and consents to a settlement with the insured for that amount over and above the amount which the insurer has paid or become obligated to pay. *Id.* at 610; *Home Insurance Co. of New York v. Smith*, 235 Mo.App. 552, 140 S.W.2d 64, 67 (1940). In such a case, the third party tortfeasor is held to have consented to the splitting of the cause of action against him and the potential of an unjust double recovery by the insured does not exist. *Smith*, 140 S.W.2d at 67. On the other hand, it would be patently unjust to permit a third party tortfeasor, with knowledge of an insurer's subrogation interest, to settle with the insured for less than the wrongdoer's full liability, and become thereby insulated against the insurer's right of action against the tortfeasor. *See Farm Bureau Mutual Insurance Co. v. Anderson*, 360 S.W.2d 314, 319–20 (Mo.App.1962).

■ Applying these principles to the facts in the instant case we conclude the trial court erred in granting defendant's motion for summary judgment. That Integrity, acting on behalf of its insured, Sanford, was aware of the potential interest of defendant and consented to the splitting of the cause of action is clearly demonstrated by the documents filed in the trial court. The letter of April 3, 1982 from defendant's adjuster to Integrity's representative is conclusive evidence of this fact. The documents also indicate that a copy of defendant's letter to plaintiff's attorney enclosing the proof of loss and subrogation agreement was sent to Integrity's representative. Additionally, the inartfully expressed reservation of defendant's rights in the release executed by Ms. Dickhans is certainly some evidence that the parties to the document intended only to effect a release for those damages in excess of Ms. Dickhans' limited insurance coverage. At the very least, the language typewritten in the form release creates an ambiguity regarding the intention of the parties sufficient to preclude summary judgment.

■ The record before us shows the only support for defendant's motion for summary judgment was directed toward establishing the deprivation of defendant's subrogation rights and this was the sole ground upon which the trial court granted the motion. Nothing was presented to the trial court in support of the second prong of defendant's motion, plaintiff's violation of the policy requirement to file the proof of loss within 60 days after request therefor. It is evident that plaintiff did fail to comply with this policy condition; however,

before defendant can be exonerated from liability under its policy by reason of a violation of the condition regarding the filing of a proof of loss, it must also appear that the defendant was prejudiced by the insured's failure to do so. *Pannell v. Missouri Insurance Guaranty Association,* 595 S.W.2d 339, 348 (Mo.App.1980). No evidence of prejudice appears on the record before us. The fact that Sanford's liability insurance coverage has been exhausted, standing alone, does not establish prejudice to the rights of defendant. Defendant may proceed in its own name against Sanford in a separate action after making payment to its insured, or it may join him in the pending action as a third party defendant, alleging his liability for whatever sum may be found due plaintiff under the policy in excess of what she has already received from Integrity. Should evidence appear of prejudice to defendant from plaintiff's failure to return the proof of loss within 60 days, defendant may then assert the breach of that condition as a defense.

The entry of summary judgment by the trial court is reversed and the cause is remanded for further proceedings.

SMITH and SNYDER, JJ., concur.