ST. LOUIS FEDERAL SAVINGS AND LOAN ASSOCIATION, a federally chartered savings and loan association, Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation, Defendant and Third-Party Plaintiff,

v.

Emmett CAPSTICK, Third-Party Defendant.

No. 86–1058–C (C).

United States District Court, E.D. Missouri, E.D.

Jan. 9, 1987.

Albert E. Schoenbeck, Schoenbeck, Tucker & Schoenbeck, St. Louis, Mo., for plaintiff.

Bernard A. Reinert, G. Tracy Mehan, III, Leritz & Reinert, Charles Alan Seigel, The Stolar Partnership, St. Louis, Mo., Emmett Capstick, for defendants.

### MEMORANDUM

MEREDITH, District Judge.

This is a civil action brought by the plaintiff, St. Louis Federal Savings and Loan Association (hereinafter "the Association"), seeking indemnity under a savings and loan blanket employee fidelity bond issued to the Association by the defendant and third-party plaintiff, Fidelity and Deposit Company of Maryland (hereinafter "F & D"). F & D has filed a third-party claim for subrogation against the third-party defendant, Emmett Capstick (hereinafter "Capstick"), who was the principal on the bond being sued upon. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (1982).

This cause was tried to the Court without a jury on November 10, 1986. At trial, F &

D made a motion for a directed verdict on the Association's complaint, and Capstick moved for a directed verdict on F & D's third-party complaint. The Court at that time reserved rulings on those motions. For the reasons stated below, both motions for directed verdict will now be granted. Judgment will be entered in favor of F & D on the Association's complaint and in favor of Capstick on F & D's third-party complaint.

Capstick was hired by the Association in October 1981, and became president and chief executive officer of the Association. On February 28, 1984, the Association terminated Capstick's employment. On April 9, 1984, the Association sent Capstick a "service letter" explaining that his termination was due in part to his "[b]reach of fiduciary duty involving personal profit by causing the Association to furnish and pay for certain decorating to and on [his] residence."

On May 22, 1984, the Federal Home Loan Bank Board, which regulates savings and loan institutions, requested an audit of the Association on the stated ground that "certain improprieties in the activities of [the Association] may have occurred during Emmett Capstick's tenure as Chief Operating Officer." In October 1984, the firm of Peat, Marwick, Mitchell & Company (hereinafter "Peat Marwick") prepared and produced the requested audit report. In November 1984, the Association received and paid Peat Marwick's bill for the auditing services, which totalled $17,500.

On April 30, 1985, Capstick and the Association entered into an agreement for the settlement of claims arising from an action for wrongful dismissal filed by Capstick in the St. Louis County Circuit Court in May 1984. As part of that settlement agreement, the Association released Capstick from all claims, "discovered or undiscovered," which the Association might then or thereafter have against Capstick.

On May 8, 1985, the Association filed a claim with F & D under a savings and loan blanket employee fidelity bond issued to the Association by F & D effective April 14, 1984. The bond provided, in pertinent part, that the insured could recover the cost of audits required by state or federal supervisory authorities by reason of the discovery of loss sustained by the insured through the dishonest or fraudulent acts of any of its employees. The Association sought to recover under the bond for the $17,500 it had expended for the audit conducted by Peat Marwick. The limit for recovery of audit expenses under the bond was $10,000.

After several months of investigation, F & D denied the Association's audit expense claim. As one of the grounds for this denial, F & D asserted that the Association had violated the terms of the bond and destroyed F & D's subrogation rights thereunder by executing the settlement agreement which released Capstick from all claims by the Association. Given this violation, F & D contended that the Association was precluded from recovering its audit expenses under the bond.

The Association thereafter brought this action against F & D to recover its audit expenses under the bond and to recover damages for vexatious refusal to pay its claim. F & D has filed a third-party complaint against Capstick, alleging that Capstick, as principal on the bond, is liable to F & D for any amounts recovered by the Association pursuant to its complaint.

The cause was tried to the Court without a jury on November 10, 1986. At trial, F & D moved for a directed verdict on the ground that the Association could not recover under the bond because it wrongfully impaired F & D's subrogation rights by settling with Capstick and releasing him from all claims by the Association. Capstick likewise moved for a directed verdict, arguing that the release of Capstick precluded the Association from recovering against F & D on the bond, and therefore F & D had no right of recovery against Capstick. The Court at that time reserved rulings on those motions. For the reasons stated below, both motions will now be granted.

■ A federal court exercising jurisdiction solely on the basis of diversity of citizenship must apply the substantive law of

the forum in which it sits. *Wolgin v. Simon,* 722 F.2d 389, 391 (8th Cir.1983). It is Missouri law, therefore, which controls this action.

In Missouri, it is well established that "when an insured, without the insurer's knowledge or consent, settles with and fully releases the tortfeasor so as to foreclose the insurer's right of subrogation, the insured violates his agreement with the insurer thereby precluding his right of recovery under the policy." *Dickhans v. Missouri Property Insurance Placement Facility,* 705 S.W.2d 104, 106 (Mo.Ct.App. 1986). *See also Hubbard v. United States Fidelity and Guaranty Co.,* 430 S.W.2d 607, 609–10 (Mo.Ct.App.1968); *Howarth v. Druggists Mutual Insurance Co.,* 485 F.2d 34, 36 (8th Cir.1973). The instant case presents precisely this situation. The Association, as the insured, released the tortfeasor, Capstick, on April 30, 1985, which was eight days before it filed any notice of claim with the insurer, F & D. Having executed this release without F & D's knowledge or consent, thereby foreclosing F & D's right of subrogation under the bond, the Association is now precluded from recovering on the bond.

The Association argues that its release of Capstick did not impair F & D's subrogation rights because such rights would not have arisen until the Association was reimbursed for the total amount of its loss, which was $17,500. Given that the coverage limit for audit expenses under the bond was only $10,000, the Association contends that F & D had no legitimate right of subrogation that could have been impaired or foreclosed by the release of Capstick. To this effect, the Association cites *Midland Bank and Trust Co. v. Fidelity and Deposit Co. of Maryland,* 442 F.Supp. 960, 973 (D.N.J.1977), which was decided by the United States District Court for the District of New Jersey on facts substantially the same as those at issue in the instant case. The Association has cited no authority, however, indicating that under *Missouri* law the insured's release of the tortfeasor does not impair the insurer's right of subrogation unless the insured has been fully reimbursed for his loss. This Court does not believe that Missouri law would support such a result, and the Association's argument on this point must thus be rejected.

For the foregoing reasons, F & D's motion for a directed verdict will be granted, and judgment will be entered in favor of F & D and against the Association on the Association's complaint. Capstick's motion for a directed verdict will also be granted, and judgment will be entered in favor of Capstick and against F & D on the third-party complaint.

## ORDER

IT IS HEREBY ORDERED that defendant and third-party plaintiff's motion for attorney's fees and costs be and is hereby denied.

IT IS HEREBY FURTHER ORDERED that third-party defendant's motion for attorney's fees and costs be and is hereby denied.