SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

Eva McGUIRE, Defendant.

No. 85–855 C (5).

United States District Court, E.D. Missouri.

Feb. 13, 1987.

---

Wuestling & James, William F. James, St. Louis, Mo., for plaintiff.

Newman & Bronson, Marc S. Wallis, St. Louis, Mo., for defendant McGuire.

## MEMORANDUM

LIMBAUGH, District Judge.

This case relates indirectly to a suit filed by Eva McGuire against Safeco Insurance Company in the Circuit Court of St. Louis County, Missouri. There, McGuire seeks to recover under a Safeco insurance policy for damages to her property caused by a fire. Safeco has denied coverage in that case, asserting that the insured or persons acting in concert with her intentionally set the fire.

In this case, Safeco requests a declaration that it has no obligation to honor McGuire's fire loss claim. In particular, Safeco asserts that defendant has not complied with a provision in the insurance policy which states that she must "[A]s often as we reasonably require: submit to examinations under oath, and subscribe the same." While Mrs. McGuire gave a state-ment to plaintiff shortly after the fire, plaintiff on numerous occasions requested additional statements, which defendant, on the advice of counsel, refused to give.

### Findings of Fact

Safeco issued fire insurance policy no. OB 221 937 which provided coverage for the McGuires' home at 10325 Baron Drive in St. Louis, Missouri, from May 19, 1984, until May 19, 1985. On December 7, 1984, while the policy was in effect, a fire caused by an electrical failure damaged defendant's home. Since the fire rendered the premises uninhabitable, Safeco provided accommodations for the McGuires at a nearby motel. Two days later, on December 9, 1984, while defendant and her family were staying at the motel, a second fire damaged the home shortly after 5:00 p.m.

The St. Louis City Police Arson and Bomb Squad determined that the second fire was the result of arson. The investigating officers informed Safeco of their conclusion and indicated they had arrested defendant's son Norman as a suspect. However, the authorities never officially charged Norman with a crime.

Plaintiff's claims adjuster interviewed defendant and her family on December 10, 1984, one day after the second fire. Within the next few days he also interviewed their neighbors and other persons having knowledge of the fire. Defendant's statement was on tape and when transcribed totalled twenty-four pages. Several months later, defendant in an affidavit swore that she had provided accurate information in the December 10th interview and that she had no other information about the events surrounding the December 9th fire.

Mrs. McGuire made a claim with Safeco for payment of the loss resulting from the December 9th fire and provided a sworn proof of loss in writing as required by the policy. Safeco responded that it would consider the claim after it completed its investigation. Defendant's attorney sent a lien letter to plaintiff dated December 22, 1984, which concerned both fires. Apparently, the two fires resulted in two separate and

independent claims, and plaintiff has compensated McGuire for most of the loss caused by the first fire.

For several months, the parties corresponded about defendant's claim and plaintiff's investigation. In particular, on February 14, 1985, counsel for Safeco wrote to defendant's counsel, requesting the opportunity "to take the examination[s] under oath" of defendant and her two children. Safeco contends that it had a reasonable basis for requesting these second statements. In the course of its investigation, plaintiff obtained information from other witnesses which conflicted with that provided by defendant and her family. For example, McGuire stated that she, her son Norman, and her daughter Melanie were at the motel watching television at the time of the fire on December 9th. However, the McGuires' neighbors on Baron Drive saw Norman near the residence a few minutes before the fire started. The police considered Norman a prime suspect in the arson investigation. Also, the movie McGuire and her family claimed to be watching was not on television at the time of the fire.

The McGuires contend that the Safeco claims adjuster told her attorney that the company would not pay the second loss because it resulted from arson. Safeco asserts that it has never refused defendant's claim, but has simply held it in abeyance pending a complete investigation. Throughout much of 1985 plaintiff continued to request additional statements from defendant and her children. McGuire has taken the position that Safeco had no intention of paying the loss and, therefore, she had no duty to provide an additional statement. She claims the company's insistence on obtaining a statement was tantamount to demanding discovery before anyone had filed suit.

McGuire instituted suit on the policy in the St. Louis County Circuit Court in the fall of 1985. In connection with that action, McGuire, through her attorney, agreed in writing on December 4, 1985 to submit to a deposition. Safeco contends that it refused this offer because taking defendant's deposition at that late date would not cure the prejudice it had already suffered due to the earlier refusals. Plaintiff asserts that—apart from the arson defense raised in the state court suit—this Court should declare that defendant's refusal to provide additional statements in 1985 releases the company from all liability under the policy.

### Conclusions of Law

The Court has subject matter jurisdiction of this diversity of citizenship action under 28 U.S.C. § 1332. A federal district court sitting in diversity jurisdiction must apply the conflicts of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496–98, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). The parties assume and the Court agrees that a Missouri court would apply Missouri law. *Brown v. Brown,* 678 S.W.2d 831, 833 (Mo. App.1984); *see also* Restatement (Second) of Conflicts of Law § 193.

■ The defendant's failure to provide additional statements will release Safeco from its liability under the policy only if plaintiff was prejudiced. M.A.I. 32.24; *Greer v. Zurich Ins. Co.,* 441 S.W.2d 15, 32 (Mo.1969); *Dickhans v. Mo. Property Ins. Placement,* 705 S.W.2d 104, 107 (Mo.App. 1986); and *Pannell v. Mo. Ins. Guaranty Assn.,* 595 S.W.2d 339, 347–48 (Mo.App. 1980). Safeco notes that the McGuires now have full knowledge of the facts revealed by the investigation. As a result, the company contends, they can structure their testimony to fit these facts. Further, plaintiff claims the matter has become stale and depositions at the present time would not have much value.

■ However, since plaintiff refused the defendant's offer on December 4, 1985, to sit for a deposition, the company cannot complain of any prejudice which has resulted due to the delay from the date until the present. Further, the one-year delay between the company's initial request for additional statements and defendant's eventual agreement did not provide the McGuires with any advantage they did not already have. They knew most of the facts

available to the claims adjuster when the company initially requested second statements from the family.

The evidence at trial does not support Safeco's contention that the matter has become stale. Again, the company cannot complain of any staleness which has resulted since December 4, 1985. In addition, the insurance company has the initial statements of defendant and her family and a verified proof of loss. This information along with discovery available to Safeco in the state court action should allow the company to determine whether it should provide coverage for the loss and enable it to protect its interests in that suit.

### Conclusion

The failure by defendant McGuire to comply with Safeco's request for additional verified statements does not absolve the insurance company from any liability it may have under policy no. OB 221–937 for damage to her residence and contents caused by a fire on December 9, 1984.

### ORDER

In accordance with the Memorandum filed today,

IT IS HEREBY ORDERED that judgment is entered on the merits in favor of defendant Eva McGuire and against plaintiff Safeco Insurance Company on the allegations in plaintiff's complaint.

IT IS FURTHER ORDERED AND DECLARED that the refusal by defendant Eva McGuire to comply with plaintiff Safeco's requests for additional verified statements does not release plaintiff from any liability it may have under insurance policy no. OB 221 937 for damage to defendant's residence at 10325 Baron Drive in St. Louis, Missouri, resulting from a fire on December 9, 1984.