**AMERICAN STANDARD INSURANCE COMPANY, Appellant,**

v.

**Jeanette HARGRAVE, et al., Respondents.**

No. SC 82685.

Supreme Court of Missouri, En Banc.

Dec. 5, 2000.

Rehearing Denied Jan. 9, 2001.

Michael E. McCausland, Jeffrey W. Deane, Kansas City, for appellant.

Andrew J. Gelbach, Douglas B. Harris, Robert E. Harris, Warrensburg, John E. Turner, Kansas City, for respondents.

WHITE, Judge.

Respondents, Hargraves, sought payment for injuries sustained by a minor family member in an automobile accident. Appellant, American Standard Insurance Company (American Standard), denied coverage contending its household exclusion clause was fully enforceable against the insured's relative because a second insurer, State Farm Insurance Company (State Farm), had provided the minimum liability payment required by the Motor Vehicle Financial Responsibility Law (MVFRL).[1] The trial court granted summary judgment against American Standard finding that to the extent that James' injuries exceeded the amount paid by State Farm, the excess was recoverable under an excess insurance clause in the American Standard policy up to the $25,000 limit in the MVFRL. We conclude that the partial invalidity of household exclusion clauses created under the MVFRL applies to both polices and both insurers must provide the minimum statutory liability coverage. The trial court's judgment is affirmed.

## I.

Respondent, Jeanette Hargrave, was involved in a motor vehicle accident while driving her father's Ford Escort. Mrs. Hargrave and her two children, two-year-old James and six-year-old Shirley, were all injured in the accident, with James suffering severe head injuries. Having re-ceived the permission of her father to drive the Escort, Mrs. Hargrave had liability coverage under her father's State Farm owner's policy. Recognizing that its household exclusion clause was partially invalidated by *Halpin v. American Family Mutual Insurance Company,*[2] State Farm paid James Hargrave the reduced policy limit coverage of $25,000 as required under the MVFRL.

Mrs. Hargrave also had liability coverage under her husband's vehicle owner's insurance policy issued by American Standard. They denied coverage contending its household exclusion clause was fully enforceable against the insured's relative because the minimum statutory liability coverage required under the MVFRL need only be paid once, by one insurer, in any given accident. American Standard claims that since State Farm had provided the minimum liability payment required by the MVFRL that the "partial invalidity" of household exclusions articulated in *Halpin* does not apply to their policy.

## II.

We review a trial court's granting of summary judgment de novo, and this Court views the record in the light most favorable to the party against whom judgment was entered giving the non-movant the benefit of all reasonable inferences from the record.[3] Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[4]

There is no dispute as to the material facts of this case. At issue is the application of section 303.190 [5] in instances where an insured is covered by multi-

---

1. Sections 303.010 to 303.370, RSMo 1994.

2. 823 S.W.2d 479, 483 (Mo. banc 1992).

3. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). See also *Zafft v. Eli Lilly,* 676 S.W.2d 241, 244 (Mo. banc 1984); *Cooper v. Finke,* 376 S.W.2d 225, 228 (Mo.1964);

*Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993); & *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988).

4. *Id.* at 377. See also Rule 74.04(c).

5. All statutory citations reference RSMo 1994.

ple vehicle owner liability policies when those policies each contain a household exclusion clause. "Where the language of the statute is unambiguous, courts must give effect to the language used by the legislature."[6] Courts may not "read into a statute a legislative intent contrary to the intent made evident by the plain language."[7] "There is no room for construction even when the court may prefer a policy different from that enunciated by the legislature."[8]

█ The purpose of the MVFRL is to ensure that persons injured on Missouri's highways, whether they be owners, operators, occupants of the insured's vehicle, occupants of other vehicles, or pedestrians, may collect at least minimal damage awards against negligent motor vehicle operators.[9] Section 303.025.1 requires owners of registered motor vehicles to maintain financial responsibility conforming to Missouri law. The plain language of this statute requires owners of vehicles to be financially responsible not only for the vehicles they own (and register) but for any vehicle they operate. "No owner of a motor vehicle registered in this state ... shall *operate*, register or maintain registration of a motor vehicle, ... unless the owner maintains the financial responsibility which conforms to the requirements of the laws of this state."[10] (emphasis added). Financial Responsibility is usually shown by a "motor vehicle liability policy which conforms to the requirements of the laws of this state."[11] Mr. And Mrs. Hargrave chose to comply with the requirements of Missouri law by purchasing a motor vehicle liability policy.

Section 303.190 provides the limits of liability coverage that such a policy must provide.[12] Since two owner's polices are at issue in this case, only section 303.190.2 is applicable. This section provides:

> Such owner's policy of liability insurance: (1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits, exclusive of interest and costs, with respect to each such motor vehicle, as follows: twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident; and (3) May exclude coverage against loss from liability imposed by law for damages arising out of the use of such motor vehicles by a member of the named insured's household who is a specifically excluded driver in the policy.

### III.

█ As conceded at oral argument, Mrs. Hargrave was insured under two owner's policies at the time of her accident.

6. *State v. Burns*, 978 S.W.2d 759, 761 (Mo. banc 1998). See also *Keeney v. Hereford Concrete Prods., Inc.*, 911 S.W.2d 622, 624 (Mo. banc 1995).

7. *Keeney v. Hereford Concrete Prods., Inc.*, 911 S.W.2d 622, 624 (Mo. banc 1995).

8. *Id.*

9. *Halpin v. American Family Mut. Ins.Co.*, 823 S.W.2d 479, 482 (Mo. banc 1992).

10. Section 303.025.1.

11. See section 303.025.2.

12. *Halpin v. American Family Mut. Ins.Co.*, 823 S.W.2d 479, 481 (Mo. banc 1992).

Each policy contained a "household exclusion clause." The purpose of these exclusions is to prevent the so-called collusive suit where relatives of the insured, who are residing in the insured's household, attempt to collect on a policy when the insured is the negligent party responsible for inflicting the injury.[13] The *Halpin* case determined, however, that section 303.190 "effects a partial invalidity" of household exclusion clauses to the extent of the minimal financial responsibility required by the MVFRL.[14] This "partial invalidity" promotes the public policy of providing minimal compensation for those injured on Missouri highways, even in the case where an insured negligently injures a member of his or her immediate family.

American Standard argues that, because the requirements of the MVFRL have been satisfied by State Farm's payment, their household exclusion should be enforced in its entirety. American Standard cites *Shelter Mutual Insurance Company v. Haney*[15] for this proposition. In *Shelter*, there were three owner's policies at issue, all three providing liability coverage for the negligent driver of the vehicle. The owner of the vehicle who sustained the injury had given a family member permission to drive the vehicle at the time when the accident occurred. The *Shelter* Court assumed the *Halpin* exception would apply to only one policy, but noted in dicta that if *Halpin* did apply to each policy then each would be responsible for providing the minimum MVFRL required coverage. The court in *Shelter* misconstrued the decision in *Halpin* and misapplied section 303.190. To the extent that *Shelter* conflicts with this opinion it should no longer be followed.

There is no language in section 303.190 that would restrict the minimum liability payments to a single insurance policy.

There are no words anywhere in the statutory scheme of the MVFRL that provide that an insured party is to receive only one statutory limit of $25,000 in compensation if they are insured under multiple polices. The plain language of the section 303.190.2 indicates that every owner's policy issued in this state must provide the minimum liability coverage to comply with Missouri law, and this Court's decision in *Halpin* holds *all* household exclusion clauses invalid up to those minimum limits of coverage. The Hargraves correctly point out that had the state legislature intended the result argued for by American Standard, it could have easily included language restricting the minimum liability protection to only one policy or only one statutorily required minimum payment.

American Standard attempts to bolster its argument that its policy is not subject to the statutory minimum liability requirement by labeling it "excess insurance." American Standard points to its "other insurance" clause, which states:

> If there is other auto insurance for a loss covered by this part, we will pay our share according to this policy's proportion of the total of all liability limits. But, any insurance provided under this part for a vehicle you do not own is excess over any other collectible auto liability insurance.

American Standard couples its excess insurance clause with the State Farm policy's "pro-rata" coverage to conclude that the State Farm policy is the primary policy and the American Standard Policy is excess. Their argument seems to be that once a policy is deemed to be excess insurance, and the primary insurer satisfies its minimum liability coverage under the MVFRL, then the excess policy is no longer subject to the statutory requirements.

---

13. *Kellar v. American Family Mut. Ins. Co.,* 987 S.W.2d 452, 454 (Mo.App.1999). See *also State Farm Mut. Auto. Ins. Co. v. Ward,* 340 S.W.2d 635, 640 (Mo.1960) (quoting *Giokaris v. Kincaid,* 331 S.W.2d 633, 640 (Mo. 1960)).

14. *Halpin v. American Family Mut. Ins.Co.,* 823 S.W.2d 479, 480 (Mo. banc 1992).

15. 824 S.W.2d 949 (Mo.App.1992).

There is no language in the MVFRL to support American Standard's argument. The only provision of the statute addressing excess insurance coverage is section 303.190.7 which reads:

> Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.

While it is correct that excess insurance coverage is not subject to the minimum financial requirements of section 303.190, each owner's policy must still provide the minimum requirements outlined in section 303.190.2. It is only any additional coverage contained in each individual policy that is not subject to section 303.190.2's requirements. Neither the MVFRL, nor the *Halpin* decision, require liability coverage exceeding the amounts specified in section 303.190. What the MVFRL requires is that each valid owner's or operator's policy provide the minimum liability limits specified, $25,000 for bodily injury to or death of one person in any one accident and $50,000 for bodily injury to or death of two or more persons in any one accident. As argued by American Standard, the excess insurance issue is irrelevant to the core issue of this case; the application of section 303.190.2 when multiple liability policies are in place and each contains a household exclusion clause.

### IV.

Jeanette Hargrave was covered by two valid vehicle owner's policies at the time of her accident. When the policies were issued, the insurers were aware of the minimum liability coverage requirements imposed by the MVFRL and had calculated and collected their premiums accordingly. The insurers were also aware of how the MVFRL effects a partial invalidity of household exclusion clauses up to the minimum compulsory liability limits provided in the statute. The American Standard policy purchased by the Hargraves provided liability coverage at the minimum required levels of $25,000/$50,000. American Standard cannot now claim their statutory duty to provide this purchased coverage is abrogated by exclusionary clauses in their contract. Nor can they claim reliance upon another provider, unknown to American Standard at the time their policy was issued, to meet their liability requirements by labeling them as being a "primary" provider.

We conclude that the partial invalidity of household exclusion clauses created under the statutory scheme of the MVFRL and our previous decision in *Halpin* applies to both owners' polices. American Standard and State Farm must both provide the minimum statutory liability coverage. The trial court's decision was correct even if based upon different reasoning and "a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason therefore."[16] For these reasons, we affirm the judgment.

PRICE, C.J., LIMBAUGH, HOLSTEIN, WOLFF and BENTON, JJ., concur.

COVINGTON, J., not participating.

---

**16.** *Firefighters Local No. 77 v. City of St. Joseph, Missouri,* 822 S.W.2d 866, 870 (Mo.App. 1991). See also *Edgar v. Fitzpatrick,* 377 S.W.2d 314, 318 (Mo. banc 1964).