**Michael BLUMER, Appellant,**

v.

**AUTOMOBILE CLUB INTER–INSURANCE EXCHANGE d/b/a AAA Insurance, Respondent.**

No. WD 72753.

Missouri Court of Appeals,
Western District.

March 29, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 2011.

Application for Transfer Denied June 28, 2011.

William D. Rotts, Columbia, MO, for Appellant.

Michael R. Baker, Columbia, MO, for Respondent.

Before CYNTHIA L. MARTIN, P.J., JAMES EDWARD WELSH, and GARY D. WITT, JJ.

JAMES EDWARD WELSH, Judge.

Michael Blumer appeals the circuit court's judgment that Blumer's claim for uninsured motorists benefits under a policy issued by Automobile Club Inter–Insur-

ance Exchange (d/b/a AAA Insurance) is limited to a total of $50,000. Blumer contends that the circuit court erred in relying upon an exclusion in the policy, which excluded uninsured motorist coverage if the insured was operating a vehicle that is owned but not insured under the policy, to limit his coverage. We affirm the circuit court's judgment.

The parties stipulated to the following facts. On September 19, 2005, Blumer was operating his 1988 Honda GL 1500 motorcycle on Conley Road in Boone County, Missouri. An unidentified driver in a Crown Victoria made a sudden turn in front of Blumer causing him to take evasive maneuvers to avoid a collision. Blumer lost control of his motorcycle, and the motorcycle overturned. The unidentified driver left the scene of the collision and has never been located or identified. The parties stipulated that the Crown Victoria was an "uninsured motor vehicle," that the unidentified driver was negligent, and that Blumer did not cause the collision. As a result of the collision, Blumer sustained personal injuries. The parties stipulated that Blumer's total damages arising out of the collision amounted to $225,000.

At the time of the motorcycle incident, Blumer had two vehicles insured by Automobile Club: a 1990 Dodge Dakota and a 1994 Toyota Camry. The Automobile Club policy provided uninsured motorist coverage with limits of One Hundred Thousand Dollars ($100,000.00) per person for each of the two vehicles. Part C of the policy, however, said:

PART C—UNINSURED MOTORISTS COVERAGE

Insuring Agreement

Subject to the Exclusions, we will pay damages which a **covered person** is le-gally entitled to recover from the owner or operator of an **uninsured motor vehicle** to the extent that the owner or operator is liable because of **bodily injury:**

1. Sustained by a **covered person;** and

2. Caused by an accident.

. . . .

Exclusions

. . . .

3. This coverage shall not apply to vehicles, including trailers, owned by you and not insured under this policy.

Blumer's motorcycle is owned by him and is not insured under Automobile Club insurance policy.

The motorcycle was insured by Progressive Northwestern Insurance Company (Progressive). Blumer was the named insured in the Progressive policy, which provided uninsured motorist coverage with limits of $25,000.

In his First Amended Petition, Blumer brought claims against Automobile Club and Progressive alleging that each company was liable for payment of uninsured motorist benefits pursuant to the terms of the respective insurance policies and alleging that each company was liable for vexatious refusal to pay. Progressive paid to Blumer its policy limits of $25,000 under the uninsured motorist provisions of the Progressive policy, and on June 19, 2009, Blumer dismissed all claims against Progressive. Although Automobile Club contended that its insurance policy excludes uninsured motorist coverage to Blumer for the collision, it acknowledged that the exclusion may be invalid and unenforceable up to the amount of uninsured motorist coverage required under the Motor Vehicle Financial Responsibility Law.[1] Thus,

---

1. As we discuss *infra,* there really has been no question about the invalidity of the subject exclusion clause since 1984, when our Missouri Supreme Court expressly stated the fol-

Automobile Club made an advance payment to Blumer in the amount of $50,000, which represents the uninsured motorist coverage provided by the policy, with limits of $25,000 in coverage for each of the covered vehicles under the policy. On June 7, 2010, Blumer dismissed Count II, the vexatious refusal to pay claim, against Automobile Club and proceeded with a bench trial on Count I. Blumer contended that he was entitled to the full amount of uninsured motorist benefits ($200,000) under the Automobile Club policy. At the bench trial, the parties submitted evidence to the trial court via a joint stipulation of facts.

On June 29, 2010, the circuit court entered judgment in favor of Automobile Club concluding that exclusion 3 of Part C of the Automobile Club policy, in unambiguous terms, attempts to exclude any uninsured motor vehicle coverage available to an insured under the Automobile Club policy when operating or occupying a motor vehicle owned, but not insured, under the Automobile Club policy. The circuit court concluded that a total exclusion of uninsured motorist coverage would run afoul of Missouri public policy, and, therefore, the circuit court applied the exclusion only up to the limits required by the Motor Vehicle Financial Responsibility Law, section 303.010, RSMo *et seq.* The circuit court determined that the Automobile Club policy provides coverage of $25,000 per vehicle insured under said policy and that the coverage for each shall be deemed to "stack," for total uninsured motorist coverage limits of $50,000.

The circuit court noted that section 379.203, RSMo, specifically states that uninsured motorist coverage is coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom." Viewing the Automobile Club policy as a whole, the circuit court concluded that it was clear that Part C deals solely with uninsured motorist coverage for an insured's bodily injury. The circuit court found that a totally separate part of the policy, Part E, covers damage to the insured's automobile and has exclusions relating only to that part. The circuit court found no ambiguity in the policy and concluded that Blumer's interpretation that the exclusion 3 in Part C applied only to property damage was not reasonable.

As Automobile Club has previously paid Blumer the sum of $50,000.00 in uninsured motorist benefits, the circuit court ordered that Automobile Club owed Blumer no further payment under the uninsured motorist benefits portion of the policy. Blumer appeals.

■ Before addressing the merits of Blumer's appeal, we note that Blumer's point relied on does not comply with the requirements of Rule 84.04(d)(1). Blumer's point relied on does not concisely state the legal reasons for Blumer's claim of reversible error and does not explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. An insufficient point relied on preserves nothing for our review. *Columbia Mut. Ins. Co. v. Long,* 258 S.W.3d 469, 473 (Mo.App.2008). Be-

---

lowing about the non-owned vehicle exclusion clause: "We conclude that the exclusion in [the insurer's] policy is contrary to the public policy of section 379.203 and invalid." *Shepherd v. Am. States Ins. Co.,* 671 S.W.2d 777, 780 (Mo. banc 1984). As such, Automobile

Club would do well to modify their non-owned vehicle exclusion clause to comport to settled Missouri law. Short of that, Automobile Club's Missouri insureds might tend to be confused by the absolute prohibition of coverage, which the clause presently so states.

cause, however, we can ascertain the issue being raised to some degree of certainty by reading the point relied on in conjunction with the argument, we will review Blumer's claim *ex gratia* rather than dismissing his appeal.

In a court-tried case, we will affirm the judgment unless it is against the weight of the evidence, it is not supported by substantial evidence, or it erroneously declares or applies the law. *Am. Family Mut. Ins. Co. v. Peck,* 169 S.W.3d 563, 565 (Mo.App.2005). Where, however, resolution of the case involves the interpretation of an insurance contract, we give no deference to the circuit court as contract interpretation is a question of law that we review *de novo. Jones v. Mid–Century Ins. Co.,* 287 S.W.3d 687, 690 (Mo. banc 2009).

"The general rules for interpretation of contracts apply to insurance policies." *Heringer v. Am. Family Mut. Ins. Co.,* 140 S.W.3d 100, 102 (Mo.App.2004). "If an insurance policy is unambiguous, it is enforced as written absent a statute or public policy requiring coverage." *Id.* An insurance policy is ambiguous "when, due to duplicity, indistinctness, or uncertainty in the meaning of the words used, the policy is reasonably open to different constructions." *Miller v. O'Brien,* 168 S.W.3d 109, 115 (Mo.App.2005). "To test whether the language used in the policy is ambiguous, the language is considered in the light in which it would normally be understood by the lay person who bought and paid for the policy." *Heringer,* 140 S.W.3d at 103. If an ambiguity exists, we construe the language of the policy against the insurer. *Id.* at 102–03. Moreover, when an insurer seeks to avoid coverage under an exclusion in the policy, the insurer has the burden of proving the applicability of the exclusion. *Id.* at 103.

Blumer contends that he is entitled to the full amount of uninsured motorist benefits ($200,000) under the policy rather than the $50,000 that the circuit court ordered Automobile Club to pay. Blumer asserts that the circuit court erred in relying upon an exclusion in the policy, which excluded uninsured motorist coverage if the insured was operating a vehicle that is owned but not insured under the policy.

The Automobile Club insurance policy shows Blumer as a named insured. The only vehicles listed on the Declarations page of the policy are a 1990 Dodge Dakota and a 1995 Toyota Camry. The policy includes a provision for uninsured motorist coverage. Part C of the policy states in relevant part:

PART C—UNINSURED MOTORISTS COVERAGE

Insuring Agreement

Subject to the Exclusions, we will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** to the extent that the owner or operator is liable because of **bodily injury:**

1. Sustained by a covered person; and

2. Caused by an accident.

. . . .

Exclusions

. . . .

3. This coverage shall not apply to vehicles, including trailers, owned by you and not insured under this policy.

We agree with the circuit court that it is clear that Part C deals solely with uninsured motorist coverage for an insured's bodily injury. The exclusion must be read in the context of Part C which first requires that there be "bodily injury" sustained by a covered person and caused by an accident. The exclusion attempts to

exclude uninsured motorist coverage if the insured is injured while operating a vehicle that is owned, but not insured, under the policy. If Blumer had sustained no "bodily injury" in the accident, then the exclusion says that he would not be able to recover any uninsured motorist benefits. Contrary to what Blumer asserts, the exclusion is not ambiguous.

The exclusion, however, is in conflict with the Motor Vehicle Financial Responsibility Law, section 303.010, RSMo *et seq.*, and must be applied so that it conforms to the statutes. In particular, section 379.203.1, RSMo 2000, says:

> No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, or in the case of any commercial motor vehicle, as defined in section 301.010, RSMo, any employer having a fleet of five or more passenger vehicles, such coverage is offered therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. Such legal entitlement exists although the identity of the owner or operator of the motor vehicle cannot be established because such owner or operator and the motor vehicle departed the scene of the occurrence occasioning such bodily injury, sickness or disease, including death, before identification. It also exists whether or not physical contact was made between the

uninsured motor vehicle and the insured or the insured's motor vehicle.

Under this statute, "[u]ninsured motorist protection inures to an individual insured for bodily injury inflicted by the tortious act of an uninsured motorist, rather than to a particular vehicle." *Adams v. Julius,* 719 S.W.2d 94, 96 (Mo.App.1986). An insurer "may limit the coverage afforded an insured under a policy only so long as the exclusion does not violate § 379.203 or the public policy behind it." *Id.*

Thus, the circuit court was correct in concluding that any attempt by Automobile Club to exclude uninsured motorist coverage because Blumer was driving a vehicle owned by Blumer but not insured by Automobile Club is void as against public policy. Indeed, the Missouri Supreme Court has considered an exclusion similar to Automobile Club's exclusion and has found that the exclusion is contrary to the public policy of section 379.203. In *Shepherd v. American States Insurance Co.,* 671 S.W.2d 777 (Mo. banc 1984), the "owned vehicle exclusion" stated that no uninsured motorist coverage exists for bodily injury sustained by any person "[w]hile occupying ... any motor vehicle or trailer of any type owned by you ... which is not insured for this coverage under this policy." *Id.* at 778. The insurance company took the position that the insured was barred from recovering any insurance proceeds in light of the "owned vehicle exclusion" because the insured was riding in a truck owned by her but insured by another insurance company. *Id.* The Supreme Court concluded that the exclusion was contrary to the public policy of section 379.203 and was, therefore, invalid. *Id.* at 780. The Court held that uninsured motorist coverage was available to the insured and that she was entitled to stack the coverage on the two vehicles insured by the insurance company. *Id.*

■ The same is true in this case. Exclusion 3 of Part C of the Automobile Club policy is invalid, but only to the extent of the limits required by the Motor Vehicle Financial Responsibility Law. Section 303.190.2(2), RSMo 2000, requires minimum uninsured motorist coverage of $25,000 per person and $50,000 per occurrence.[2] As explained in *Halpin v. American Family Mutual Insurance Co.*, 823 S.W.2d 479, 483 (Mo. banc 1992), under the Motor Vehicle Financial Responsibility Law insureds "have no basis for expecting coverage in excess of the requirements of § 303.190.2."

■ Blumer does not dispute that the accident which caused his injuries arose out of his use of a motorcycle that he owned but did not have insured with Automobile Club. Because we have found the exclusion in the policy is invalid and against public policy, Blumer is entitled to recover the statutory minimum of $25,000 per vehicle. Blumer may stack the coverage for each of the two vehicles insured by Automobile Club. *See Cameron Mut. Ins. Co. v. Madden*, 533 S.W.2d 538, 544–45 (Mo. banc 1976). Therefore, Blumer is entitled to $50,000 in uninsured motorist benefits from Automobile Club, which Automobile Club has already paid. Thus, the circuit court did not err in entering its judgment in favor of Automobile Club and finding that Automobile Club owed Blumer no further payment under the policy.

We, therefore, affirm the circuit court's judgment.

All concur.

---

**2.** The General Provisions of Automobile Club's policy even state that the terms of the policy "which are in conflict with the statutes of the State of Missouri are hereby amended to conform to such statutes."