Brian PITTS, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Third–Party Plaintiff,

v.

The Hertz Corporation, Third–Party Defendant.

Case No. 4:15–CV–1332 NAB

United States District Court, E.D. Missouri, Eastern Division.

Signed 03/31/2017

Anthony J. Dacey, Law Office of Anthony J. Dacey, St. Louis, MO, for Plaintiff.

Daniel T. Rabbitt, John H. Marshall, The Rabbitt Law Firm LLC, St. Louis, MO, for Third–Party Defendant.

## MEMORANDUM AND ORDER [1]

### NANNETTE A. BAKER, UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Third–Party Defendant The Hertz Corporation's Motion for Summary Judgment (hereinafter referred to as "Hertz"). [Doc. 29.] Defendant/Third–Party Plaintiff State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm") filed a Memorandum in Opposition. [Doc. 37.] Based on the following, the Court will grant Hertz's Motion for Summary Judgment.[2]

### I. Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information on the record before the court shows "there is no *genuine issue* of *material fact* and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (emphasis added). A fact is only material if it might affect the outcome of the case under the governing substantial law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, a "genuine" issue only exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring v. Can. Life Assur. Co.*, 207 F.3d 1026, 1029 (8th Cir. 2000) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

---

1. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.]

2. The Court notes that The Hertz Corporation's Memorandum of Law in Support of its Motion for Summary Judgment barely met the minimum threshold for an acceptable request for summary judgment. The most egregious issue being the failure to cite to any applicable case law compounded by the failure to file a reply brief in response to the arguments advanced by State Farm in its response in opposition. Although a reply brief is not required, because Hertz's memorandum of law contained barely a basic legal argument for summary judgment, a reply brief would have provided some guidance regarding the legal basis for Hertz's request for summary judgment.

The moving party has the initial burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.,* 838 F.2d 268, 273 (8th Cir. 1988). Once the moving party discharges this burden, the burden then shifts to the non-moving party. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. The non-moving party must set forth affirmative evidence and specific facts showing there is a genuine dispute on an issue of material fact. *Id.*

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993). Proof that *"some* alleged factual dispute" exists between the parties "will not defeat an otherwise properly supported motion for summary judgment." *Anderson,* 477 U.S. at 247, 106 S.Ct. 2505. The non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence, he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Herring,* 207 F.3d 1026, 1029 (8th Cir. 2000). In passing on a motion for summary judgment, it is not the court's role to decide the merits. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The court should not weigh evidence or attempt to determine the truth of a matter. *Id.* Rather, the court must simply determine whether a genuine issue of material fact exists. *Bassett v. City of Minneapolis,* 211 F.3d 1097, 1107 (8th Cir. 2000).

## II. Factual Background

The Court finds that the following facts are material and undisputed for the purpose of Hertz's Motion for Summary Judgment.

On September 14, 2012, Plaintiff rented a vehicle from Hertz in O'Fallon, Missouri. Hertz is a self-insured entity. Hertz offered Plaintiff its optional automobile rental insurance coverage, referred to as the "Liability Insurance Supplement" (hereinafter referred to as "Hertz Policy"). However, Plaintiff had an existing State Farm Policy. Plaintiff called his State Farm Agent, Deanna Carroll, to confirm that his State Farm Policy provided automobile insurance for the rental vehicle. Carroll replied that Plaintiff's State Farm Policy covered the rental vehicle, and that he did not need to pay for the Hertz Policy. Due to his conversation with Carroll, Plaintiff declined such coverage because he believed the rental vehicle to be fully insured under his State Farm Policy.[3] The Plaintiff's rental agreement reflected his decision to decline the Hertz Policy.[4] A clause within the rental agreement stated that Hertz's "liability protection is secondary," and that Plaintiff's own insurance would provide the primary coverage:

> his State Farm Policy covered the rental vehicle, and that Plaintiff did not need to pay for the rental company's insurance policy. As a result of Carroll's assurances, Plaintiff would decline the rental company's insurance policy in order to save money.

**4.** State Farm disputes that Plaintiff declined coverage under the Hertz Policy.

---

**3.** In his deposition, Plaintiff testified that prior to this accident, he frequently rented vehicles from various automobile rental companies due to the ages and mileages of his personal vehicles. Since 1978, Carroll has continuously represented Plaintiff as his State Farm agent. On multiple occasions before he rented a vehicle, Plaintiff called Carroll to confirm that his State Farm Policy would cover his rental vehicle. Carroll replied that

"By your declining the optional Liability Insurance Supplement (LIS), Par. 10(b) of the Rental Terms will apply to this rental. By signing below, You agree that any insurance that provides coverage to You or to an Authorized Operator shall be *primary*. In the event of any claims arising from the operation of the Car, such insurance shall be responsible for the payment of all personal injury and/or property damage claims *up to the limits of such insurance.*"

(emphasis added).

On September 15, 2012, an uninsured motorist hit Plaintiff while he was driving the Hertz vehicle in Kansas City, Missouri. The accident caused significant damage to the rental vehicle and bodily injury to the Plaintiff. Plaintiff was operating the rental vehicle at the time of the accident. A tow truck took the rental vehicle to the Kansas City airport, where Plaintiff obtained a substitute Hertz rental vehicle. Plaintiff also declined the Hertz Policy on the substitute vehicle.

On and prior to the date of the accident, Plaintiff possessed the State Farm Policy which provided coverage for two (2) of his vehicles: a 1993 Ford Explorer and a 1977 Corvette. Plaintiff was the only person insured under the State Farm Policy at the time of the accident. The State Farm Policy provided uninsured motorist coverage with stated limits of $100,000 per vehicle. These amounts could be stacked to equal a total of $200,000.

On August 3, 2015, Plaintiff filed a lawsuit against his automobile insurance company, State Farm, for failing to pay him the requisite benefits under his policy (hereinafter referred to as "State Farm Policy") regarding the accident. [Doc.4.] Plaintiff did not initiate a lawsuit against Hertz.

The case was later removed to district court. [Doc. 1.] State Farm joined Hertz as a third-party defendant. [Doc. 18.] State Farm alleged that Hertz had a duty to provide Plaintiff uninsured motorist coverage on a *pro-rata* basis with State Farm under Missouri law. [Doc. 18.] After joining Hertz, State Farm settled with Plaintiff. The Court subsequently dismissed Plaintiff's claims in his action against State Farm. [Doc. 44.] On October 20, 2016, Hertz filed a Motion for Summary Judgment against State Farm. [Doc. 29.] State Farm filed a Memorandum in Opposition to Hertz's Motion for Summary Judgment. [Doc. 37.] The only matter before the Court in this case is Hertz's Motion for Summary Judgment against State Farm.

The issue in this case is if Hertz, despite Plaintiff declining the Hertz Policy in the rental agreement, is liable to State Farm for any uninsured motorist coverage regarding the accident under the governing law.

## III. Discussion

"It is of course, well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir. 1996) (citing *Erie v. Tompkins*, 304 U.S. 64, 78 (1938)) (where jurisdiction of a case is based on diversity of citizenship, a federal court my apply state substantive law and federal procedural law). The parties agree that Missouri state law applies to this case.

A defending party may, as a third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. Fed. R. Civ. P. 14(a).

A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily

liable to the defending party. The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. Federal Practice and Procedure § 1446 (3d ed.) "Simply put, Rule 14 does not allow a third-party complaint to be based on a defendant's independent cause of action against a third-party defendant. A third-party complaint must be found on a third-party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Connell Bros. Co. Ltd. v. Gannon Int'l., Ltd.*, No. 4:10-CV-1795 CEJ, 2011 WL 2433356 at *2 (E.D. Mo. June 16, 2011).

### A. Missouri Motor Vehicle Financial Responsibility Law

In 1986, Missouri enacted the Motor Vehicle Financial Responsibility Law (hereinafter referred to as "MVFRL") so " 'that people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators.' " *Rudden v. Am. Family Mut. Ins. Co.*, 398 F.Supp.2d 1067, 1071 (Mo. Ct. App. 2005) (citing *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479, 480 (Mo. banc 1992)). The MVFRL states:

> "No owner of a motor vehicle registered in this state, or required to be registered in this state, shall operate, register or maintain registration of a motor vehicle, or permit another person to operate such vehicle, unless the owner maintains the financial responsibility which conforms to the requirements of the laws of this state ... Furthermore, no person shall operate a motor vehicle owned by another with the knowledge that the owner has not maintained financial responsibility unless such person has financial responsibility which covers

the person's operation of the other's vehicle..."

*Mo. Rev. Stat.* § 303.025.1.

The MVFRL requires owners of motor vehicles to maintain financial responsibility and provide proof for liability of damages in the amount of $ 25,000.00 per person, $50,000 per occurrence, and $10,000 for property damage. *Mo. Rev. Stat.* § 303.030.5. *See also Rudden*, 398 F.Supp.2d at 1071. A certificate of insurance can provide the requisite proof of financial responsibility. *Id.* However, insurance companies cannot provide coverage "in an amount not less than that statutorily required." *Rudden*, 398 F.Supp.2d at 1071. Self-insurers are also obligated to insure a motor vehicle under the same minimum amounts as required by the statute. *Mo. Rev. Stat.* § 303.160.1(4).

■ Under Missouri law, all motor vehicle insurance policies must additionally provide uninsured motorist coverage in an amount not less than that required by MVFRL. *Mo. Rev. Stat.* § 379.203.1. Mandatory uninsured motorist coverage was "prompted by public policy concerns seeking to provide insured persons, who are injured by an uninsured motorist, 'protection parallel to that which they would have been injured in an accident caused by a motor vehicle covered by the minimum liability requirements' " of the MVFRL. *Rudden*, 398 F.Supp.2d at 1072 (citing *Ezell v. Columbia Ins. Co.*, 942 S.W.2d 913, 915 (Mo. Ct. App. 1996)). An attempt to limit uninsured motorist coverage to an amount less than that required by the statute "violates Missouri public policy" and becomes void. *Rudden*, 398 F.Supp.2d at 1072.

■ As a result, the MVFRL "does not restrict the minimum liability payments to a single insurance policy if coverage is provided under multiple policies."

*Karscig v. McConville*, 303 S.W.3d 499, 500, 501 (Mo. banc 2010) (citing *Am. Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 91–92 (Mo. banc 2000)). While Missouri law sets the minimum requirements for liability and uninsured motorist coverage, "the parties to insurance contracts are nevertheless free to contract for coverage which exceeds the statutory minimum." *Rudden*, 398 F.Supp.2d at 1072, (citing *Halpin*, 823 S.W.2d at 480, 483). However, the terms of insurance contracts cannot frustrate the public policy purposes of the MVFRL. *Halpin*, 823 S.W.2d at 480, 482.

As required by the MVFRL, Hertz was prohibited from allowing Plaintiff to drive its rental vehicle unless Hertz maintained the requisite financial responsibility for liability and uninsured motorist damages as a self-insurer. Hertz maintained primary financial responsibility for the rental vehicle until Plaintiff decided to forgo the Hertz Policy. As clearly stipulated by the clause in the rental agreement, Hertz shifted the primary financial responsibility onto Plaintiff and State Farm when Plaintiff declined the Hertz Policy. Under the rental agreement, Hertz would only be liable for excess costs if Plaintiff's State Farm Policy could not cover the required amounts under the MVFRL. The question presented in this case is whether Hertz can "escape" financial liability pursuant to the terms of the rental agreement without frustrating the public interest purposes of the MVFRL. *Irvin v. Rhodes*, 929 S.W.2d 829, 832 (Mo. Ct. App. 1996).

## B. Hertz's "Other Insurance" Clause

■ Although Missouri law recognizes "the freedom to contract in liability insurance," such freedom is limited by the minimum statutory requirements of the MVFRL. *Irvin*, 929 S.W.2d at 833 (citing *Halpin*, 823 S.W.2d at 483). Missouri courts have ruled that certain exclusionary clauses in automobile insurance contracts violate the public policy purposes of the

MVFRL. *See Karscig*, 303 S.W.3d at 502–03; *Am. Standard. Ins. Co.*, 34 S.W.3d at 91–92; *Halpin*, 823 S.W.2d at 483; *O'Neal v. Argonaut Midwest Ins. Co.*, 415 S.W.3d 720, 725–26 (Mo. Ct. App. 2013); *Blumer v. Auto. Club Inter–Insurance Exch.*, 340 S.W.3d 214, 218–19 (Mo. Ct. App. 2011). Clauses that exclude family members from coverage when operating the insured's vehicle are invalid up to the minimum statutory limits of the MVFRL (hereinafter referred to as "household exclusion"). *O'Neal*, 415 S.W.3d at 725 (citing *Am. Standard Ins. Co.*, 34 S.W.3d at 91). Additionally, insurance contracts cannot exclude the insured from minimum coverage when the insured operates an owned vehicle covered under a separate insurance policy (hereinafter referred to as "owner vehicle exclusion"). *Blumer*, 340 S.W.3d at 218–19 (citing *Shepherd v. American States Ins. Co.*, 671 S.W.2d 777 (Mo. banc 1984)).

■ However, clauses that shift primary financial responsibility onto another insurance policy are allowed under limited circumstances. *Irvin*, 929 S.W.2d at 833. *See also Murray v. Am. Family Mut. Ins. Co.*, 429 F.3d 757, 762 (8th Cir. 2005). Other insurance clauses are "provisions inserted in insurance policies to vary or limit the insurer's liability when additional, concurrent insurance exists to cover the same loss." *Planet Ins. Co. v. Ertz*, 920 S.W.2d 591, 593 (Mo. Ct. App. 1996). "Neither the language of the MVFRL nor the public policy behind it bars contract terms that purport to shift primary liability under insurance policies." *Irvin*, 929 S.W.2d at 833. Conversely, insurers cannot rely on other insurance clauses as a bolstering argument to circumvent liability when the real issue is an exclusionary clause that is directly against the MVFRL. *Am. Standard. Ins. Co.*, 34 S.W.3d at 91–92 (holding that the other insurance clause was irrelevant to the core issue of this case when

dealing with insurance policies that contained household exclusion clauses).

The other insurance clause in this case is similar to the other insurance clause in *Irvin*, 929 S.W.2d at 833. In *Irvin*, the other insurance clause stated that no damages could be collected "if there is other valid and collectible automobile liability protection or insurance, whether primary, excess, or contingent available to Lessee ... and the limits of such protection or insurance are sufficient to pay damages up to the minimum of the applicable financial responsibility law." *Id.* In this case, Hertz's other insurance clause states, "any insurance that provides coverage to You or to an Authorized Operator shall be primary ... such insurance shall be responsible for the payment of all personal injury and/or property damage claims up to the limits of such insurance." [Doc. 30–2 at 2.]

In *Irvin*, the Missouri Court of Appeals found that the other insurance clause in *Irvin* was not against the general purpose of the MVFRL. 929 S.W.2d at 832–33. The goal of the MVFRL is to ensure that "people who are injured on highways may collect damage awards, within limits, against negligent motor vehicle operators." *Id.* at 833 (citing *Halpin*, 823 S.W.2d at 482). The court held that this purpose is frustrated by insurance clauses that seek to "exclude an individual or situation from the compulsory coverage the MVFRL mandates." *Id.* The other insurance clause in *Irvin* did "not seek to exclude from coverage certain individuals or certain situations." *Id.* The only purpose of the other insurance clause was to merely shift "the primary liability among negligent defending parties or other insurers." *Id.* Since an "exclusion in coverage" was not presented by the facts of the case, the court further held that other insurance clauses that shift primary responsibility under certain, limited circumstances are "valid" under the MVFRL. *Id.*

Relying on *O'Neal*, State Farm contends that Missouri courts no longer recognize other insurance clauses as being compatible with the MVFRL's public policy purposes. In *O'Neal*, the leasing agreement with the defendant rental vehicle company and the lessee driver included a household exception clause and an other insurance clause. 415 S.W.3d at 725. Even though she was not covered in the insurance policy, the lessee gave permission to her daughter to operate the rented vehicle. *Id.* at 722–23. While operating the rental vehicle, the lessee's daughter got into an accident. *Id.* The rental vehicle company's insurance provider tried to circumvent liability through its other insurance clause when the court denied the viability of its household exception clause by relying on *Irvin. Id.* at 725–26. The Missouri Court of Appeals in *O'Neal* held that the defendant's reliance on *Irvin* is "misplaced and not persuasive because both cases were decided before our Supreme Court clearly spoke in *Am. Standard Ins. Co.* and *Karscig* as to the minimal financial responsibility coverage required in every owner's policy ... regardless of the existence of multiple liability policies providing such coverage." *O'Neal*, 415 S.W.3d at 726, Note 6 (citing *Karscig*, 303 S.W.3d at 504; *Am. Standard Ins. Co.*, 34 S.W.3d at 91).

However, the Missouri Supreme Court cases cited in *O'Neal* are limited in their factual applicability and do not displace *Irvin* in its entirety. *Id.* Unlike in *Irvin*, where the policy clause in question only shifted primary liability, these cases dealt with exclusionary policies. *Karscig*, 303 S.W.3d at 502–03; *Am. Standard Ins. Co.*, 34 S.W.3d at 91–92. In *Am. Standard Ins. Co.*, the main issue centered on whether or not the household exception clause defied the public policy purpose of the MVFRL. 34 S.W.3d at 91–92. Like in *O'Neal*, the

defendant insurer tried to circumvent its liability through its other insurance clause after the court rejected its household exception clause. *Id.* at 91. While the defendant insurer could not escape liability, the "excess insurance issue" was "irrelevant to the core issue of the case ... when multiple liability policies are in place and each contains a household exclusion clause." *Id.* at 92.

Similarly in *Karscig*, the main issue revolved around a policy that excluded coverage to the insured when the insured drove any non-owned vehicle. 303 S.W.3d at 503–04. The insured was operating her parent's vehicle at the time of the accident, and the insurance company tried to escape liability through the non-owned vehicle exclusion. *Id.* at 500. The non-owned vehicle exclusion went directly against section 303.190.3 of the MVFRL, which states, "[such] operator's policy shall insure the person named therein against loss from liability ... arising out of the use by him or her of any motor vehicle not owned by him or her." *Id.* at 504 (citing *Mo. Rev. Stat.* § 303.190.3). The Missouri Supreme Court ruled that such an exclusionary policy was against the purpose of the MVFRL.[5] *Id.* at 504. *Karscig* is inapplicable to this case because the insurance policy clause at issue in Hertz's rental agreement does not involve a non-owned vehicle exclusion. Additionally, both *Am. Standard Ins. Co.* and *Karscig* made no mention of *Irvin* or its displacement.

 If the insurance policy does not violate a statute or public policy requiring coverage, a court must "accept the written policy as the expression of the agreement made by the parties, and give effect to the intentions of the parties as disclosed by clear and unambiguous language." *Rudden*, 398 F.Supp.2d at 1072–73 (citing *Childers v. State Farm Fire & Cas. Co.*, 799 S.W.2d 138, 140 (Mo. Ct. App. 1990)). Hertz's other insurance clause in its rental agreement did not exclude or bar Plaintiff or other operators from compulsory coverage as mandated by the MVFRL. [Doc. 30–2.] Instead, Hertz clearly shifted their primary financial responsibility of the MVFRL's mandatory requirements onto Plaintiff and State Farm when Plaintiff declined the Hertz Policy. No other insurance policy clauses or exclusions are at issue in this case. As a result, the Court finds that Hertz's other insurance clause does not violate the public policy purpose of the MVFRL. Given that Plaintiff's uninsured motorist coverage under his State Farm Policy is above the amount required in the MVFRL, Hertz is not liable for any payments arising out of the Plaintiff's accident.

## IV. Conclusion

Based on the foregoing, summary judgment will be entered in favor of Third–Party Defendant The Hertz Corporation.

**IT IS HEREBY ORDERED** that Third–Party Defendant The Hertz Corporation's Motion for Summary Judgment is **GRANTED.** [Doc. 29.]

A separate order of Judgment will accompany this Memorandum and Order.

---

**5.** State Farm also relies on *Blumer* to support its argument. Similar to *Karscig*, where the policy exclusion did not cover the insured when she drove non-owned vehicles, the policy in *Blumer* contained an owned vehicle exclusion clause. *Blumer*, 340 S.W.3d at 219–20. The Missouri Court of Appeals ruled that owned vehicle exclusion clauses are against the public policy purpose of the MVFRL. *Blumer*, 340 S.W.3d at 219–20 (citing *Shepherd*, 671 S.W.2d at 778). *Blumer* is inapplicable to this case because Hertz's rental agreement does not contain an owned vehicle exclusion.