# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2941
_____

Safeco Insurance Company of Illinois and Safeco Insurance Company of America,

*Plaintiffs – Appellees*

v.

Joseph Palazzolo, Nancy Palazzolo, and R.P., a minor child,

*Defendants – Appellants*

_____

Appeal from United States District Court
for the Eastern District of Missouri – St. Louis
_____

Submitted: September 23, 2021
Filed: October 18, 2021
_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

This case involves the tragic death of Lauren Palazzolo. Lauren was killed by an uninsured driver while riding her motorcycle. Lauren's family tried to recover from Safeco Insurance Company of Illinois, but the district court[1] held that Safeco

_____

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

wasn't liable.  Because the insurance policy explicitly excluded Lauren's accident, we affirm.

I.

Lauren was killed when her motorcycle collided with a car driven by an uninsured driver.  Lauren's parents, Joseph and Nancy, had two insurance policies through Safeco: an automobile policy and an umbrella policy. The auto policy covered Joseph, Nancy, and "[a]ny family member[] who does not own an auto." Following Lauren's death, Joseph and Nancy, along with Lauren's minor child, R.P., requested $3,000,000 from Safeco under both policies for uninsured and under-insured motorist benefits.  Safeco denied the claims and filed for declaratory judgment.

The parties filed cross-motions for summary judgment. On summary judgment, the Palazzolos abandoned their claims for underinsured motorist benefits under the auto policy, as well as underinsured and uninsured motorist coverage under their umbrella policy. Consequently, the only claim for the court to resolve was whether Lauren qualified for uninsured motorist coverage under the auto policy ("the Policy").

The district court assumed for the sake of argument that Lauren was an "insured" under the Policy.[2]  But it held that Lauren's accident was not covered because of the Policy's uninsured motorist exclusion.  That exclusion, which we'll refer to as the "Motorcycle Exclusion," says:

> B. We do not provide Uninsured Motorists Coverage for bodily injury sustained by any insured
>
> . . .

_____

[2]Safeco argued that Lauren was not an "insured" because she: (1) wasn't a resident of Joseph and Nancy's household, and (2) owned her own car.  We also assume that Lauren was an insured under the Policy.

5. While occupying or operating an owned motorcycle or moped.

The Palazzolos appealed.

## II.

We review a district court's grant of summary judgment *de novo*. *Green Plains Otter Tail, LLC v. Pro-Env't, Inc.*, 953 F.3d 541, 545 (8th Cir. 2020). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." *Torgerson v. Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting FED. R. CIV. P. 56(c)(2)). Because this is a diversity case, we apply the substantive law of the forum state. *Rose v. Midland Nat'l Life Ins. Co.*, 954 F.3d 1117, 1119 (8th Cir. 2020). Everyone agrees that Missouri law governs.

Under Missouri law, unambiguous language in an insurance policy generally must be "enforced as written." *Heringer v. Am. Fam. Mut. Ins. Co.*, 140 S.W.3d 100, 102 (Mo. Ct. App. 2004). But where language in an insurance policy is ambiguous, it must be strictly construed against the insurance company. *Id.* at 102–03. An insurance policy is ambiguous where, "due to duplicity, indistinctness, or uncertainty in the meaning of the words used, the policy is reasonably open to different constructions." *Miller v. O'Brien*, 168 S.W.3d 109, 115 (Mo. Ct. App. 2005). To determine whether policy language is ambiguous, we read the policy "in the light in which it would normally be understood by the lay person who bought and paid for the policy." *Blumer v. Auto. Club Inter-Ins. Exch.*, 340 S.W.3d 214, 218 (Mo. Ct. App. 2011) (quoting *Heringer*, 140 S.W.3d at 103).

This appeal turns on one question: is "owned motorcycle" ambiguous? Joseph and Nancy Palazzolo say it is. They argue that the term "owned motorcycle" could mean a motorcycle owned by a named insured (i.e., Joseph or Nancy), a motorcycle owned by the injured party (Lauren), or a motorcycle owned by anyone at all (i.e., not abandoned). Safeco, on the other hand, argues that there is only one reasonable

interpretation of the Motorcycle Exclusion—that "owned motorcycle" means a motorcycle owned by any insured (Joseph, Nancy, or Lauren).

We start with the plain language of the Policy. *Ferguson v. St. Paul Fire & Marine Ins. Co.*, 597 S.W.3d 249, 255 (Mo. Ct. App. 2019). "Owned motorcycle," in isolation, is ambiguous. We don't know *whose* ownership matters. But when we read that phrase in context, its meaning is clear. The Policy's language excludes coverage for "bodily injury sustained by *any insured* . . . [w]hile occupying . . . an owned motorcycle or moped." (emphasis added). An ordinary reader would interpret "any insured" to modify "owned motorcycle." Under that reading, the Policy would exclude coverage for "bodily injury sustained by *any insured* . . . [w]hile occupying . . . a motorcycle or moped owned by *any insured*."

The rest of the Policy clears up any possible ambiguity. The Policy routinely refers to Joseph and Nancy as "you." App. at 36 ("Throughout this policy, 'you' and 'your' refer to . . . the 'named insureds' shown in the Declarations."). So whenever Safeco wanted to refer to the named insureds specifically, it would say "you." App. at 38 (defining "insured" as "*you*" and "[a]ny family member[] who does not own an auto") (emphasis added); App at 41 (excluding coverage for non-covered autos "owned by *you*") (emphasis added); App. at 47 (limiting liability for bodily injury sustained by anyone other than "*you* or any family member") (emphasis added). If the Palazzolos were correct that the phrase "owned motorcycle" meant a motorcycle owned by Joseph and Nancy, then the Policy would have said "a motorcycle *you* own."

The intent of the parties also helps to eliminate any ambiguity. "The cardinal principle for contract interpretation is to ascertain the intention of the parties and to give effect to that intent." *Butler v. Mitchell-Hugeback, Inc.*, 895 S.W.2d 15, 21 (Mo. 1995) (en banc) (citation omitted). When considering the Policy in the larger context of the insurance industry, it's clear that Safeco intended to exclude Lauren's accident. Motorcyclists are roughly 29 times more likely to die in an accident than passengers in traditional cars. *Motorcycle Safety*, NAT'L HIGHWAY TRAFFIC SAFETY

ADMIN. (Sept. 29, 2021), https://www.nhtsa.gov/road-safety/motorcycles. To offset that increased risk, insurance companies typically offer separate motorcycle insurance policies at a higher price.[3] It would make little sense for Safeco to exclude coverage for the two people paying for the Policy, but allow coverage against the same risk for Lauren.

We also know that "owned motorcycle" can't mean a motorcycle owned by *anyone* at all. "[T]erms should be construed to avoid leaving them with no operation at all." *Olson v. Fairview Health Servs.*, 831 F.3d 1063, 1071 (8th Cir. 2016) (citation omitted). Under the Palazzolos' reading of the Policy, "owned motorcycle" would mean the same thing as "motorcycle," since all non-abandoned motorcycles have some owner. And even if that were a reasonable interpretation, it wouldn't help the Palazzolos. If "owned motorcycle" meant motorcycle owned by anyone, then Lauren's motorcycle would be an "owned motorcycle"—after all, Lauren owned it. So, Lauren's accident would still be excluded under the plain language of the Policy. We have nothing to construe strictly against Safeco, since either interpretation would mean that Lauren's accident wasn't covered by the Policy.

We're left with only one reasonable interpretation—"owned motorcycle" means a motorcycle owned by "any insured." Because the Policy unambiguously excluded coverage for Lauren's accident, we affirm.

———————————————

---

[3]Car insurance costs roughly $1,193 per year in Missouri, but motorcycle insurance costs roughly $1,730 per year. *Compare* Liz Knueven, *Average Car Insurance Costs in 2020*, BUSINESS INSIDER (Sep. 30, 2021), https://www.businessinsider.com/personal-finance/average-cost-of-car-insurance, *with* Liz Knueven, *The Average Cost of Motorcycle Insurance by Age and State*, BUSINESS INSIDER (Sep. 30, 2021), https://www.businessinsider.com/personal-finance/average-cost-motorcycle-insurance.